Francis J. Donovan, J.
Defendant was charged with a violation of subdivision (b) of section 10 of the Long Island State Park Ordinance No. 5 which reads as follows: “ no person shall drive or operate: within a park, parkway or park road any omnibus or other vehicle adapted for or with a seating capacity for more than eight passengers, excluding the driver, except under permit.” ¡
The defendant was a teacher employed by the Creative Nursery School, án educational corporation, conducting a private school for children at Fresh Meadows, in Queens County. On the day of the alleged violation she was operating a 1962 Chevrolet Carryall “ motor vehicle ” on the Meadowbrook State Parkway. The vehicle was carrying children enrolled in the Creative School on an outing to Roosevelt Field. The vehicle was owned by Konner Rental Corporation and leased to Creative. No special charge was made by Creative for the transportation of the pupils, but the transportation facilities were a regular part of the service rendered by the school for the flat monthly tuition charge.
The vehicle was adapted for and had a seating capacity of more than eight passengers. None of these facts were disputed by the defendant but the defense urges three principal objections, namely:
1. That the vehicle was not an omnibus within the comprehension of the ordinance;
2. That the ordinance is invalid as an unreasonable exercise of the police power ;
3. That no proof was adduced to show that the defendant did not have a permit.
The vehicle was operated for hire and for use by a segment of the public. When we consider that it was also adapted for seating more than eight passengers, it is quite clear that the vehicle was an omnibus within the fair meaning of the ordinance.
*769 In Surface Transp. Corp. v. Reservoir Bus Lines (271 App. Div. 556) it was held that the operation of similar vehicles from an apartment house to a suhway over a fixed route was subject to regulation by the Public Service Commission. The language of the court is particularly apropos where it said at page 561 (referring to the exception under Public Service Law, § 2, subd. 28 relating to motor vehicles used for the transportation of children to and from schools): “ These operations our lawmakers evidently felt would otherwise have come within the scope of the statutory definition of an omnibus line. ’ ’
It is apparent that the school bus operated by the defendant was an omnibus. If there were any lingering doubt on the question, the same is resolved by the language of the ordinance itself. Bearing in mind that the parkways are primarily designed for vehicles commonly known as pleasure vehicles, trucks and buses and all other commercial or bulky vehicles are generally excluded throughout the ordinance. The draftsman was apparently aware that there might be vehicles essentially similar to an omnibus but not comprehended within the particular definition of that term. Therefore he added the language “ or other vehicle adapted for or with a seating capacity for more than eight passengers, excluding the driver ’ ’.
‘Construing the section as a whole, the latter words indicate that a vehicle having a seating capacity as described and operated for hire for the convenience of a segment of the public is prohibited without regard to what name may be attached to the vehicle. So far as reasonableness is concerned, the presumption of constitutionality is sufficient to sustain the ordinance. However, no experienced driver could be unaware of the difference between driving in mixed traffic as compared with driving in traffic restricted to pleasure vehicles. Visibility is certainly impeded by busses and trucks because of their size and construction. Maneuverability is also impeded — to say nothing of the hazards of a fast-moving highway which may expose a substantial number of persons in a bus to dangers which are not present on slower moving highways. The exclusion of buses and trucks certainly appears to be reasonable.
The last objection, namely, the absence of proof of the negative, namely, that the defendant did not have a permit is not well taken. The absence of a permit is not part of the prosecution’s prima facie case (People v. Odermatt, 39 Misc 2d 217).
Accordingly, the defendant is found guilty as charged and is directed to appear before the court on May 4, 1964 to hear the judgment of the court and to submit to sentence.