THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* GEORGE M. DEVINNY, Appellant.

Crimes — practicing medicine without being registered and licensed as required by statute (Public Health Law, § 161) — when indictment accusing defendant of committing such crime need not negative exception to such statute — when such indictment defective for failing to name the individual treated by defendant.

1. It is the general rule that in dealing with a statutory crime exceptions must be negatived by the prosecution and provisos utilized as a matter of defense. The two classes of provisions — exceptions and provisos — frequently come closely together and the rule of

differentiation ought to be so applied as to comply with the require-ments of common sense and reasonable pleading.

2. Where an indictment accused the defendant of the crime of practicing medicine as defined by section 160 of the Public Health Law (Cons. Laws, ch. 45) without being registered and legally author-ized so to do, as required by section 161 of the statute, but did not negative the cases enumerated in section 173 of the statute which enacts that the article in which both sections are found shall not be construed to affect a large number of specified persons, the indictment is not defective for that reason, since under the circumstances of this case the provision in question assumes more the nature of a proviso than of an exception.

3. Although there are many cases in which an indictment, which charges a statutory crime in the words of the statute, is sufficient, yet where an indictment charges a defendant with the crime of practicing medicine without a license, by diagnosing, treating or offering to diagnose or treat a disease of an individual, it is necessary that the indictment name, or excuse naming by a proper allegation, the individual treated by defendant.

*People* v. *Devinny*, 188 App. Div. 986, reversed.

(Argued October 21, 1919; decided December 12, 1919.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the third judicial department, entered July 3, 1919, which affirmed a judgment of the Albany County Court rendered upon a verdict convicting the defendant of the crime of practicing medicine without a license.

The facts, so far as material, are stated in the opinion.

*Andrew J. Nellis* for appellant. The indictment did not charge any acts constituting a crime. (*Simmons* v. *United States*, 96 U. S. 360; *United States* v. *Hess*, 124 U. S. 483; *State* v. *Carey*, 4 Wash. 424; *O'Connor* v. *State*, 46 Neb. ·157; *County of Steuben* v. *Wood*, 24 App. Div. 442; *People* v. *Firth*, 157 App. Div. 492; *State* v. *Thomas*, 111 La. 804; *Crawford* v. *Lozano*, 48 S. W. Rep. 538; *People* v. *Silver*, 158 App. Div. 217; *Wood* v. *People*, 53 N. Y. 511.) The indictment should

have negatived the exceptions. (*Fleming* v. *People*, 27 N. Y. 332; *People* v. *Spees*, 18 App. Div. 618; *People* v. *Bradford*, 178 App. Div. 371; *Rowell* v. *Janvrin*, 151 N. Y. 67; *State* v. *Burns*, 181 Iowa, 1089.)

*Harold D. Alexander, District Attorney,* for respondent. An allegation that defendant unlawfully practiced medicine, at a certain time and place, without a license, etc., is a complete statement of the act. (*People* v. *Ellis*, 162 App. Div. 288; *People* v. *Firth*, 157 App. Div. 492; *People* v. *Trainor*, 57 App. Div. 422; *People* v. *Hoyt*, 145 App. Div. 698; 205 N. Y. 523; *People* v. *Williams*, 149 N. Y. 1; *People* v. *Corbalis*, 178 N. Y. 516; *People* v. *Abelson*, 162 App. Div. 674, 678; 218 N. Y. 716.) The qualifying matters in the latter part of the statute should not be negatived in an indictment, as they are no part of the offense. (*People* v. *Sullivan*, 173 N. Y. 122; *People* v. *Maine*, 51 App. Div. 142; 166 N. Y. 50, 52; *Rex* v. *Pearce*, Russ. & Ryan Crown Cases, 174; *State* v. *R. R.*, 50 W. Va. 235; *Fleming* v. *People*, 27 N. Y. 329; *People* v. *Conroy*, 97 N. Y. 62; *Hart* v. *Cleis*, 8 Johns. 41; *Comm.* v. *Jennings*, 121 Mass. 47; *Hale* v. *State*, 58 Ohio St. 676; *State* v. *Abbey*, 29 Vt. 60; *Comm.* v. *Young*, 21 Penn. Dist. 548.)

HISCOCK, Ch. J. The defendant has been convicted of practicing medicine without a license. The questions which it is necessary for us to consider spring from the form of the indictment which by demurrer and otherwise has been challenged as insufficient.

At all the times in question it was provided by the Public Health Law (Cons. Laws, ch. 45) (§ 161) that " No person shall practice medicine, unless registered and legally authorized * * * or unless licensed by the Regents and registered " as in said section provided. By other sections the violation of this one is made a misdemeanor. Section 160, subdivision 7, of the

same act provides as follows: " The practice of medicine is defined as follows: A person practices medicine within the meaning of this article, *except as hereinafter stated*, who holds himself out as being able to diagnose, treat, operate or prescribe for any human disease, pain, injury, deformity or physical condition, and who shall either offer or undertake, by any means or method, to diagnose, treat, operate or prescribe for any human disease, pain, injury, deformity or physical condition." Section 173, being the one referred to in the last section, enacts that the article in which such latter section is found " shall not be construed to affect " a large number of specified persons.

The indictment accused the defendant " of the crime of practicing medicine without being registered and legally authorized (as in section 161 required) committed as follows:

" The said * * * Devinny, on May 27, 1918, and for a considerable time immediately prior thereto, at Albany, in this county, unlawfully practiced medicine, he not being then registered and legally authorized " as in the statute required and provided. Under this indictment evidence was given tending to show that the defendant held himself out as being able to diagnose, etc., diseases, and that on three separate occasions he offered and undertook to diagnose and treat the complaint of a certain individual.

Two objections, fundamental in nature, are urged to this indictment. In the first place it is contended that the indictment, in addition to charging in the language of section 161 that Devinny unlawfully practiced medicine without being registered, etc., should have specified under the language of section 160 the specific acts performed by him constituting such unlawful practice, and secondly it is argued that the provision making it unlawful to practice medicine is affected and modified by exceptions and that, therefore, the

indictment should have negatived these exceptions. These objections will be considered in the inverse order from that in which they have been stated.

The general rule is that in dealing with a statutory crime exceptions must be negatived by the prosecution and provisos utilized as a matter of defense. Attempts to apply this general rule and distinguish between exceptions and provisos have resulted in many technicalities and in much sublety. The two classes of provisions — exceptions and provisos — frequently come closely together and the rule of differentiation ought to be so applied as to comply with the requirements of common sense and reasonable pleading. In the case at bar if it should be held that an indictment must negative all of the cases referred to in the statute as not being unlawful, it would be drawn out to intolerable lengths and even after that had been done, the burden doubtless would rest upon the defendant of proving that he came within the excepted cases. In addition, section 173, which enumerates the cases where compliance with section 160 will not be required, provides: "This article (which includes section 160) shall not be construed to affect" the cases there enumerated. This language, which should be considered with that of section 160, is quite as appropriate for the statement of a proviso as of an exception.

Under these circumstances we think that the provision in question assumes more the nature of a proviso than of an exception and that the indictment is not defective because it does not negative all of the cases set forth in section 173. (*Fleming* v. *People,* 27 N. Y. 329; *State* v. *Flanagan,* 25 R. I. 369.)

The second proposition urged by the defendant that the indictment, aside from the foregoing alleged defect, does not state with sufficient particularity the facts constituting the alleged crime presents more difficulty.

The rule is applied in many cases that an indictment which charges a statutory crime in the words of the statute is sufficient. (*People* v. *Ellis,* 162 App. Div. 288; *State* v. *Collins,* [Ia.] 159 N. W. Rep. 604; *Parks* v. *State,* 159 Ind. 211; *Benham* v. *State* 116 Ind. 112; *State* v. *Flanagan,* 25 R. I. 369.)

It has been held, however, directly or in effect, in several jurisdictions in the cases of indictments or informations similar to the present one that the above rule does not apply and that it is necessary to set forth the details of the alleged offense. (*State* v. *Carey,* 4 Wash. 424; *Schaeffer* v. *State,* 113 Wis. 595; *People* v. *Watson,* [Mich.] 162 N. W. Rep. 943; *Dee* v. *State,* 68 Miss. 601; *O'Connor* v. *State,* 46 Neb. 157; *County of Steuben* v. *Wood,* 24 App. Div. 442.)

Without finding it necessary to determine whether we should go as far as these cases go, we think that it was necessary for the present indictment to set forth one detail of the alleged offense which in this particular case would very likely involve and lead to setting forth generally the details of the offense.

It is abundantly established that in charging an offense committed upon or in respect of an individual — as diagnosing treating or offering to diagnose or treat a disease — it is necessary to name, or excuse naming by proper allegation, such individual. (*People* v. *Corbalis,* 178 N. Y. 516, concurring opinion of Judge CULLEN; *People* v. *Stark,* 136 N. Y. 538; *White* v. *People,* 32 id. 465; *People* v. *Taylor,* 3 Den. 99; *People* v. *Gregg,* 59 Hun, 107; *People* v. *Burns,* 53 Hun, 274; *Grattan* v. *State,* 71 Ala. 344; *Butler* v. *State,* [Ind.] 5 Blackford, 280; *Walters* v. *State,* 174 Ind. 545; *State* v. *Wilson,* 30 Conn. 500; *Commonwealth* v. *Sheedy,* 159 Mass. 55.) The reason for the rule is clearly and sufficiently stated in the opinion of Judge CULLEN in the *Corbalis* case. He there said: " I am of opinion that the indictment is fatally defective in failing to allege to whom pools were sold, or,

if information as to that could not be obtained, that the names of such persons were unknown to the grand jury. This principle was held in *People* v. *Burns* (53 Hun, 274) and *People* v. *Stone* (85 Hun, 130), the prosecution being in the first case for selling impure milk and in the second for selling fertilizers with a false certificate. The rule is otherwise as to illegal sales of liquor, but this rule rests merely on precedent long established and can hardly be justified on principle. The idea suggested by some text-writers, that where the offense is merely one against the public and not against the individual, it is not necessary to allege the person with whom it was committed, finds no support in practice. * * * The true reason for requiring the indictment to state the person to whom the sale has been made, if that information can be obtained, is that such statement identifies the occurrence and enables the defendant to properly meet the charge." (p. 523.)

There is an exception to this general rule which is thought to include the present case and excuse naming the person to or upon whom treatment was offered or applied. Where the crime consists of a series of acts continuous in their nature, such as carrying on a prohibited business, or keeping an unlawful resort, a general description reasonably including and describing the series will be sufficient. It is not necessary in such cases to set forth each act going to make up the offense, for, as said in *Commonwealth* v. *Pray* (13 Pick. 359, 362), " it is not *each* or *all* the acts of themselves, but the practice or habit which produces the principal evil and constitutes the crime." (*Ledbetter* v. *U. S.*, 170 U. S. 606; *State* v. *Carlisle*, 30 S. Dak. 475; *Sterne* v. *State*, 20 Ala. 43; *Lawson* v. *State*, Id. 65; *Commonwealth* v. *Swain*, 160 Mass. 354; *Commonwealth* v. *Coleman*, 184 Mass. 198.)

In our opinion, however, this indictment does not come within that exception. It does not seem to us that the statute was intended to define or constitute the

prohibited offense as consisting of a continuous series of acts amounting to the conduct of a business within the decisions referred to. It may be that if we had nothing but section 161 prohibiting the "practice" of medicine and were relegated to the dictionary or common usage for a definition of that word we should be compelled to interpret it as meaning a continued and habitual performance of acts. But we are not thus left to these means of reaching a definition. Section 160 defines what "practice" means. Its meaning is satisfied whenever and as often as an individual "holds himself out as being able to * * * and offers or undertakes to diagnose, treat," etc. Whenever within the fair meaning of those terms on a single occasion an offender has held himself out as able to and has offered to treat a patient there has been a completed offense and it is not necessary to show that this operation has been repeated so many times that it has ripened into a habit or business. We think that the indictment and proofs in this case confirm this view.

If this is the correct interpretation, there is no question that the individual operated upon should have been named or proper excuse given for not naming him even within what has been said in cases applying the "business" rule. (*Ledbetter* v. *U. S.*, 170 U. S. 610.)

The judgment should be reversed and the indictment dismissed.

COLLIN, HOGAN and ANDREWS, JJ., concur; CHASE, CARDOZO and CRANE, JJ., dissent.

Judgment reversed, etc.