Francis J. Donovan, J.
The defendant is charged with a violation of subdivision 4 of section 385 of the Vehicle and Traffic Law in that a tractor and trailer operated by him exceeded a total length of 50 feet.
Defendant’s motions at the close of the People’s case, and at the close of the entire case, are predicated primarily on the failure of the prosecution to plead and prove a negative, namely, that the vehicles were not owned by a corporation subject to the regulatory commissions mentioned in the act and used in the construction, reconstruction, repair and maintenance of its properties and facilities. The information alleged nothing with respect to such ownership or use.
At trial evidence was adduced by way of a photograph and statements of the driver to the police officer indicating that the vehicles were owned and operated by a corporation subject to *218 regulation by the Public Service Commission or the Interstate Commerce Commission. The only evidence bearing on the use of the vehicles negatived any probability of their being used in the construction, reconstruction, repair or maintenance of the corporation’s property or facilities. The only evidence as to the use of the vehicles indicated that they were designed for and devoted to hauling of freight, wares and merchandise. On the occasion of the violation defendant’s last stop had been the Gertz Department Store in Hicksville. Defendant rested on the prosecution’s case.
Among other authorities, defendant cites People v. Kollender (169 Misc. 995) for the proposition that the limitation as to vehicles owned and used as described in the subdivision constitutes an “ exception ” rather than a “ proviso ” and the prosecution must negative such exception by appropriate allegation in the information and proof upon the trial.
The ancient distinction between “ exception ” and “ proviso ” in statute, so ably and exhaustively reviewed by Judge Johnson in the Kollender case may still persist but it is not to be so mechanically applied that substance yields to form and the burden of pleading and proof is determined solely by the accidental position in which a draftsman easts his clauses. (People v. Devinny, 227 N. Y. 397.)
A test of “ common sense and reasonable pleading ” was prescribed by the Court of Appeals in People v. Devinny (svpra). In applying this test we find (1) the facts upon which the limitation depends lie in the control and knowledge of the defendant; (2) the limitation is not so substantially related to, or embodied in, the general prohibition as to constitute part and parcel of the charge; (3) the limitation comes after the statement of the general rule in the logical sequence of a “ proviso ”.
The “ proviso ” rule is therefore applicable and the issue of the limitation must be raised by the defendant. The prosecution was not obliged to negate the limitation by pleading nor by proof in the prima facie case.
I find the defendant guilty.