OPINION OF THE COURT
Ralph Yachnin, J.
A question, simple to present, yet most baffling to determine is presented to this court, i.e., whether a statutory clause is a *972 "true exception”, thus requiring the People to plead and prove it or whether the clause is a phrase or proviso not requiring such proof.
The defendant is charged with speeding in violation of subdivision (b) of section 1180 of the Vehicle and Traffic Law. At the trial, the People failed to offer any evidence to the effect that the defendant’s vehicle was not an emergency vehicle and that defendant was not acting in accordance with a police officer’s direction as set forth in sections 1104 (subd [b], par 3) and 1110 (subd [a]) of the Vehicle and Traffic Law. At the end of the People’s case, defendant contended that the People failed to make out a prima facie case. Decision was reserved. The court’s opinion is hereinafter set forth.
The statute under which the defendant was tried, subdivision (b) of section 1180 of the Vehicle and Traffic Law is as follows: "Except when a special hazard exists that requires lower speed for compliance with subdivision (a) of this section, or when maximum speed limits have been established as hereinafter authorized, no person shall drive a vehicle at a speed in excess of fifty-five miles per hour.”
No place in the foregoing section is there an exception for a driver of an emergency vehicle. Such exception is set forth in section 1104 of the Vehicle and Traffic Law: "(a) The driver of an authorized emergency vehicle, when involved in an emergency operation, may * * * (b) * * * 3. [ejxceed the maximum speed limits”.
Likewise, subdivision (b) of section 1180 of the Vehicle and Traffic Law makes no mention of who may violate a traffic control device. That is permitted under subdivision (a) of section 1110 of the Vehicle and Traffic Law. "Every person shall obey the instructions of any * * * traffic-control device * * * unless otherwise directed by a * * * police officer”.
Hence the question becomes: must the People prove the negative of the so-called exceptions, to wit, that the defendant was not an authorized emergency vehicle involved in an emergency operation and no police officer directed the defendant to exceed the speed limit. If the latter two quoted statutes are true exceptions they must be proved by the People. (People v Smith, 192 Misc 965, affd 299 NY 707.) If on the other hand they are merely provisos the People’s burden does not start here.
The applicable rule was set forth rather distinctly in People v Kollender (169 Misc 995, 998).
*973 "(1) When a statute contains in and as a part of its enacting clause an exception or exceptions to the effect that in certain cases, or under certain circumstances, the offense prohibited by the statute is not to be considered as having been committed, that constitutes a true exception which it is necessary for the plaintiff or the People in an action based upon the statute to negative both by pleading and by proof.
"(2) Where, however, there is no such exception in the enacting clause of the statute, or referred to therein, but later in the statute or in a subsequent statute an exception or exceptions are enumerated, there is then presented the case of a proviso, rather than an exception, and the plaintiff or the People bringing action upon the statute need neither plead the negative of the exception nor adduce proof of such negative in order to make a prima facie case.
"(3) Even where the exception is in the enacting clause, so that the plaintiff or the People are required to negative the exception in their pleading, there is a line of cases holding that the plaintiff or the People are not required to adduce proof of the negative in order to make out a prima facie case; this, because in certain cases the negative of an issue is not possible of direct proof and the facts to prove the negative are peculiarly and immediately within the knowledge of the defendant, so that, as a matter of convenience at least, the burden of going forward with such proof should rest upon him.”
There is no doubt that subdivision (b) of section 1180 does not fall within paragraph number (1) for the exception is not set forth in its enacting clause and thus is not a true exception. It would fall completely within the definition of a provisio under paragraph number (2), but for the requirement that the exception appears in a subsequent statute. In the subject case it appears in two prior statutes.
An artificial barrier of this nature was set aside in People v Odermatt (39 Misc 2d 217, 218), when the court noted: "The ancient distinction between 'exception’ and 'proviso’ * * * is not to be so mechanically applied that substance yields to form and the burden of pleading and proof is determined solely by the accidental position in which a draftsman casts his clauses.”
In addition, it might be added that paragraph number (3) also applies in this matter, for the evidence concerning the exceptive fact is peculiarly within the knowledge of the defen *974 dont and thus no pleading or proof thereof should be required from the prosecution. (See, also, Ann. 153 ALR 1218, 1221.)
Defendant has cited a line of cases in an attempt to show that the subject provision is an exception rather than a proviso. However, all the cases cited by the defendant deal with true exceptions, rather than provisos, since all the exceptions construed therein were contained in the enacting clause of the statutes. In People v Smith (192 Misc 965, affd 299 NY 707, supra), for example, the statute in question (former subdivision 3 of section 56 of the Vehicle and Traffic Law) read "[a] rate of speed * * * in excess of fifty miles an hour * * * except where a greater speed is permitted by the state traffic commission, shall be unlawful”. The court held that this statute contained a true exception which the People were bound to negative by pleading and proof.
In a case cited by the defendant, People v Capiello (133 NYS2d 649), the court stated its view of the situation created by the holding of Smith in suggesting that the attention of the Legislature should be called to the language of former subdivision 3 of section 56 of the Vehicle and Traffic Law and the Smith case. Apparently, this being done, the Legislature then deleted from the current Vehicle and Traffic Law the true exception which is contained therein at the time of the Smith decision and the reasoning of that case, therefore, is not applicable to the present case.
Defendant’s motion is accordingly denied. The defendant is found guilty of proceeding at a rate of speed of 90 miles per hour in a 55 mile zone.
The defendant shall appear for sentencing on January 15, 1980 at 9:30 a.m. before the Judge presiding in Traffic Term Part 2.