■ U.S. UNDERWRITERS INSURANCE COMPANY, Appellant, v VAL-BLUE CORP., Doing Business as RASCALS, et al., Respondents. [609 NYS2d 776] —Order, Supreme Court, New York County (William Davis, J.), entered on or about January 14, 1993, which denied plaintiff's motion for summary judgment, declared that plaintiff is obligated to defend defendant Val-Blue Corp., doing business as Rascals, and dismissed the action, unanimously affirmed, without costs.

We agree with the IAS Court that plaintiff's claim of negligent hiring and training alleges facts within the risk covered by the policy and outside the assault and battery exclusion *(U.S. Underwriters Ins. Co. v Val-Blue Corp.,* 200 AD2d 449). Concur—Rosenberger, J. P., Ross, Asch, Rubin and Williams, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GREGORY BENNETT, Appellant. [608 NYS2d 166] —Judgment, Supreme Court, New York County (Budd G. Goodman, J.), rendered July 17, 1992, convicting defendant, upon his guilty plea, of unlawful practice of medicine without a license, and sentencing him to a term of probation of 5 years, unanimously affirmed.

The indictment was not required to allege the inapplicability of any exemptions from the licensing requirement *(People v Devinny,* 227 NY 397, 400-401), and, in any event, the indictment specifically alleged that defendant performed duties as a hospital resident "for which a license is required". As for defendant's claim that he was, indeed, exempt from the licensing requirement, "[a]ny issue concerning the proper interpretation or application of the statute was forfeited by the guilty plea" *(People v Levin,* 57 NY2d 1008, 1009). Concur —Rosenberger, J. P., Ross, Asch, Rubin and Williams, JJ.