■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONALD F. KIRKHAM, JR., Appellant. [708 NYS2d 746] —Mugglin, J. Appeal from an order of the County Court of Madison County (DiStephano, J.), entered September 2, 1999, which granted defendant's motion to dismiss count one of the indictment.

Defendant was charged in a four-count indictment with criminal contempt in the first degree, resisting arrest and two counts of disorderly conduct stemming from an incident wherein he allegedly violated an order of protection. Defendant subsequently moved to, *inter alia*, dismiss the indictment as legally insufficient. County Court granted the motion to the extent of dismissing count one of the indictment, which charged defendant with criminal contempt in the first degree, due to the failure to allege that the statutory exception to that crime was inapplicable. The People appeal.

We affirm. It is firmly established that an indictment must contain a factual allegation of every element of the crime charged (*see*, CPL 200.50 [7]), including an allegation that any exception set forth within the statute defining the offense is inapplicable (*see, People v Kohut*, 30 NY2d 183, 187; *People v Taylor*, 256 AD2d 647, 648). Here, count one of the indictment charged defendant with violating Penal Law § 215.51 (c), which provides in relevant part that "[a] person is guilty of criminal contempt in the first degree when * * * he or she commits the crime of criminal contempt in the second degree as defined in [Penal Law § 215.50] * * * by violating that part of a duly served order of protection." Penal Law § 215.50, as relevant here, defines criminal contempt in the second degree as "[i]ntentional disobedience or resistence to the lawful process or other mandate of a court *except in cases involving or growing out of labor disputes as defined by [Judiciary Law § 753-a (2)]*" (Penal Law § 215.50 [3] [emphasis supplied]).

Because a violation of Penal Law § 215.50 is a material element of criminal contempt in the first degree and is incorporated by reference in the statute defining that crime, the exception set forth therein is necessarily "contained within the statute defining the offense" of criminal contempt in the first degree (*People v First Meridian Planning Corp.*, 201 AD2d 145, 154, *affd* 86 NY2d 608). Moreover, the statutory language must be characterized as an exception rather than a proviso because it excludes certain matters from its scope absolutely (*see, id.*, at 154). Inasmuch as count one of the indictment failed to allege the inapplicability of the labor dispute exception, we conclude that County Court properly dismissed the count as defective (*see, People v Bingham*, 263 AD2d 611, *lv denied* 93 NY2d 1014; *People v Best*, 132 AD2d 773, 774-775).

Spain, J. P., Carpinello, Rose and Lahtinen, JJ., concur.
Ordered that the order is affirmed.