◼ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v KATIE KENNINGTON, Respondent. [725 NYS2d 858] —Appeal by the People from so much of an order of the Supreme Court, Suffolk County (Pitts, J.), dated July 19, 2000, as granted that branch of the defendant's motion pursuant to CPL 440.10 which was to vacate a judgment of the same court, rendered November 21, 1997, convicting her of criminal possession of a forged instrument in the second degree, upon her plea of guilty, and imposing sentence on that conviction, and dismissed the second count of the indictment.

Ordered that the order is reversed insofar as appealed from, on the law, that branch of the motion which was to vacate so much of the judgment as convicted the defendant of criminal possession of a forged instrument in the second degree and imposed sentence on that conviction is denied, and that portion of the judgment is reinstated.

The defendant knowingly, voluntarily, and intelligently entered a plea of guilty to the crimes charged, including count two of the indictment, which accused her of criminal possession of a forged instrument in the second degree. Consequently, the defendant waived all non-jurisdictional challenges to the indictment (*see, People v Iannone,* 45 NY2d 589, 600). Contrary to the defendant's contention, the second count of the indictment, which incorporated the forgery statute by reference, was not jurisdictionally defective (*see, People v Cohen,* 52 NY2d 584; *People v Chappelle,* 250 AD2d 878). Moreover, any issue concerning the proper interpretation or application of the statute was forfeited by the plea of guilty (*see, People v Levin,* 57 NY2d 1008; *People v Salvato,* 111 AD2d 773).

In any event, the defendant can not prevail on the merits.

Contrary to her contention, her conviction does not fall within the holding in *People v Asaro* (94 NY2d 792). Unlike the defendant in *Asaro*, who possessed an authentic driver's license that contained false information, the defendant in this case admitted that she possessed a driver's license that was falsely altered (*see,* Penal Law § 170.00 [7]; § 170.10 [3]; § 170.25). O'Brien, J. P., Altman, Luciano and Adams, JJ., concur.