■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MAURICE DUDLEY, Appellant. [736 NYS2d 48] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (D'Emic, J.), rendered November 5, 1998, convicting him of criminal contempt in the first degree and criminal contempt in the second degree, upon a plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant knowingly, voluntarily, and intelligently entered a plea to one count of criminal contempt in the first degree and one count of criminal contempt in the second degree in full satisfaction of all charges in the indictment. Consequently, the defendant waived all nonjurisdictional challenges to the indictment (*see, People v Iannone,* 45 NY2d 589, 600). Contrary to the defendant's contention, the count of the indictment that charged him with criminal contempt in the first degree was not jurisdictionally defective. That count of the indictment cited the applicable section of the Penal Law and sufficiently tracked the language thereof to afford the defendant fair notice of the charge against him (*see,* CPL 200.50 [7] [a]; Penal Law § 215.51 [b] [ii]; *People v Ray,* 71 NY2d 849, 850; *People v Cohen,* 52 NY2d 584; *People v Kennington,* 283 AD2d 658). Moreover, any issue concerning the proper application of the statute was forfeited by the plea of guilty (*see, People v Kennington, supra; People v Levin,* 57 NY2d 1008).

The defendant alleges that the counts of the indictment charging him with criminal contempt in the second degree (Penal Law § 215.50 [3]) are jurisdictionally defective because they failed to specifically include language that the court order he was alleged to have violated did not involve or grow out of a labor dispute. However, in each of the counts at issue, there is a specific reference to the statute under which the defendant is being charged. By adopting the title of the applicable statute, those counts of the indictment afforded the defendant fair notice of the charges made against him so that he could have pre-

pared a defense (*see, People v Ray, supra*). Further, when specific reference to the statute under which the defendant is being charged is incorporated into the indictment, it constitutes an expression of all the elements of the crime required for conviction (*see, People v Del Pilar,* 177 AD2d 642; *People v Cohen, supra; see also, People v Squire,* 273 AD2d 706; *People v Haygood,* 250 AD2d 623). Therefore, the counts in the subject indictment charging the defendant with criminal contempt in the second degree were not jurisdictionally defective. Since he waived all nonjurisdictional defects by his plea (*see, People v Iannone, supra*), his conviction of criminal contempt in the second degree must be affirmed.

The defendant's remaining contentions, including those raised in his supplemental *pro se* brief, are without merit. O'Brien, J. P., Luciano, Smith and Crane, JJ., concur.