OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed.
 

 A temporary order of protection prohibited defendant from making contact with specified persons who had complained that he was harassing them. Despite the order, defendant left a series of threatening messages on the voicemail of one of those persons. Defendant was then indicted on one count of criminal contempt, first degree (Penal Law § 215.51 [b] [iv]) and four counts of criminal contempt, second degree (Penal Law § 215.50 [3]). Each of the second degree counts recited that “defendant, in the County of New York * * * did intentionally disobey the lawful process and other mandate of a court, to wit, an order of protection” on the date of one of the menacing calls, and each of these counts stated that defendant’s conduct violated Penal Law § 215.50 (3). Defendant did not challenge the sufficiency of the indictment, and was eventually convicted, after a jury trial, on all five counts. On appeal, he argued for the first time that the indictment was jurisdictionally defective because the criminal contempt, second degree counts lack factual recitals corresponding to the final clause in Penal Law § 215.50 (3) — they fail to state that defendant did not make his calls in a case “involving or growing out of labor disputes” as defined by Judiciary Law § 753-a (2). Recital of the complete statutory language would have obviated the issue in this case.
 

 An indictment is jurisdictionally defective only if it does not effectively charge the defendant with the commission of a particular crime — for instance, if it fails to allege that the defend
 
 *735
 
 ant committed acts constituting every material element of the crime charged
 
 (People v Iannone,
 
 45 NY2d 589, 600 [1978]). The incorporation by specific reference to the statute operates without more to constitute allegations of all the elements of the crime
 
 (People v Ray,
 
 71 NY2d 849, 850 [1988];
 
 People v Motley,
 
 69 NY2d 870, 872 [1987];
 
 People v Cohen, 52
 
 NY2d 584, 586 [1981]). Defendant attempts to limit the rule of
 
 Cohen
 
 and its progeny by arguing that it applies only when a defendant obtains a plea bargain and then challenges the indictment, for the first time, on appeal, or when the element not recited would be obvious to or is admitted by the accused. We have never made these distinctions and find them unwarranted.
 

 Accordingly, the indictment is not jurisdictionally defective. Absent a timely motion to dismiss, we have no occasion to consider whether statutory mandates beyond the jurisdictional minimum required the indictment to recite that defendant’s calls did not arise in a case "involving or growing out of labor disputes”
 
 (see
 
 CPL 200.50 [7] [a]; Penal Law § 215.50 [3]), or whether this labor dispute exemption is an exception or a proviso (c
 
 f. People v Kirkham,
 
 273 AD2d 509 [2000]). Defendant’s remaining contention is without merit.
 

 Chief Judge Kaye and Judges Smith, Levine, Ciparick, Wesley, Rosenblatt and Graffeo concur.
 

 Order affirmed in a memorandum.