OPINION OF THE COURT
Ellen M. Yacknin, J.
In this action, the People of the State of New York have charged defendant with criminal contempt in the second degree for violating a no contact order of protection imposed upon him by this court on May 22, 2002. Specifically, the misdemeanor *526 information, signed by complainant, alleges that defendant violated the May 22, 2002 order of protection, previously issued for complainant’s protection, by standing on the front porch of complainant’s apartment complex.
Defendant has moved to dismiss the accusatory instrument as jurisdictionally defective because it fails to specify that the violation of the underlying order of protection was not made in the context of a labor dispute. Essentially, defendant argues that because the statutory charge of criminal contempt in the second degree (Penal Law § 215.50) explicitly provides that it does not apply in situations involving labor disputes, an accusatory instrument alleging such a charge, to be sufficient, must expressly state that the underlying factual assertions do not involve a labor dispute.
The legal issue posed by defendant has been percolating through the courts in the past few years. In People v D’Angelo (98 NY2d 733 [2002]), the Court of Appeals recently declined to address the question, leaving the lower courts to deal with the issue on their own. The First and Second Departments have resolved the question one way, while the Third Department has a different view. However, this court is not aware of any written decision on this matter by any superior or lower court within the Fourth Department.
The Third Department, the first intermediate appellate court to deal with the issue, ruled that an accusatory instrument’s failure to allege the absence of labor dispute exception rendered the instrument jurisdictionally defective. (See People v Shaver, 290 AD2d 731, 731-732 [3d Dept 2002];* People v Kirkham, 273 AD2d 509 [3d Dept 2000].) The Kirkham Court reasoned that because Penal Law § 215.50 excludes matters involving labor disputes absolutely, the language “must be characterized as an exception rather than a proviso.” (People v Kirkham, 273 AD2d at 509.) Because the absence of a statutory “exception” is an essential element of a crime (see People v Kohut, 30 NY2d 183, 187 [1972]) an accusatory instrument’s failure to allege the absence of the exception would render it fatally defective. Thus, according to the Kirkham Court, an accusatory instrument charging criminal contempt in the second degree that fails to allege the absence of circumstances involving a labor dispute is jurisdictionally defective.
In contrast, in People v Dudley (289 AD2d 503 [2d Dept 2001]), the Second Department ruled that an indictment charg *527 ing criminal contempt in the second degree that does not allege the absence of matters involving a labor dispute is nevertheless jurisdictionally sufficient if it includes a specific reference to the statute under which the defendant is charged. According to the Court, “when specific reference to the statute under which the defendant is being charged is incorporated into the indictment, it constitutes an expression of all the elements of the crime required for conviction.” (People v Dudley, 289 AD2d at 504.) Notably, the Dudley Court neither cited nor distinguished Kirkham.
This court finds the Dudley Court’s analysis unpersuasive. To be jurisdictionally sufficient, an information must include both an accusatory part and a factual part. (See CPL 100.15 [1].) While an accusatory instrument’s citation of the specific statutes under which the defendant is charged may satisfy the “accusatory part” requirements (see CPL 100.15 [2]), such citations do not satisfy the “factual part” requirements. (See CPL 100.15 [3].)
In People v D’Angelo (284 AD2d 146 [1st Dept 2001], affd on other grounds 98 NY2d 733 [2002]), the First Department came to the same conclusion as the Dudley Court, but for a different reason. In contrast to the Kirkham Court, the D’Angelo Court found that “Unlike a true exception * * * the reference to labor disputes [in Penal Law § 215.50 (3)] incorporates a lengthy definition of such disputes that is found outside the statute.” (People v D’Angelo, 284 AD2d at 146 [citations omitted].) For this reason, the Court concluded that the statute’s reference to labor disputes is a proviso rather than an exception, and therefore, did not have to be specifically alleged in the indictment. (People v D’Angelo, 284 AD2d at 146-147.)
Based on the thoughtful and deliberate discussion set forth in People v Romano (188 Misc 2d 368 [Crim Ct, NY County 2001]), which was decided before (but curiously not cited by) DAngelo, I find the D’Angelo Court’s conclusion to be the better authority. The Romano court carefully analyzed the legislative history of the crime of criminal contempt, and observed that the “labor dispute” language was not an original element of the crime. Rather, the language was added in 1935 to give immunity to persons accused of violating court orders in labor-related settings. Based on this history, the Romano court found that, “Understood from this perspective, it makes more sense to conclude that the Legislature intended the labor language to operate as a jurisdictional impediment to conviction * * * rather than an element of the crime.” (People v Romano, 188 Misc 2d at 372.)
*528 Citing People v Devinny (227 NY 397, 401 [1919]), the Romano court emphasized the often subtle and fine line between an “exception” and a “proviso,” and noted the Devinny Court’s instruction to apply “common sense and reasonable pleading” in determining the existence of an “exception” or “proviso.” (People v Devinny, 227 NY at 401.) The Romano court went on to conclude:
“In sum, it makes absolutely no sense to require the District Attorney to prove the existence of this negative. Accordingly, both the legislative history underlying the statute and simple common sense dictate that the labor law language is not an element of the crime. The issue should be raised by the defendant by a motion to dismiss either prior to trial or at the end of the People’s case.” (People v Romano, 188 Misc 2d at 374; accord People v Feiler, 191 Misc 2d 390 [Nassau Dist Ct 2002]; People v Luna, NYLJ, Oct. 26, 2001, at 22, col 2.)
Accordingly, for the reasons discussed above and in D’Angelo and Romano, defendant’s motion to dismiss the accusatory instrument for failure to assert that the matter does not involve a labor dispute is denied.
Defendant’s motion to dismiss the accusatory instrument for failure to offer nonhearsay facts demonstrating that defendant had notice of the May 22, 2002 order of protection is also denied. Attached to the information is a copy of the order, signed by Judge Farber of this court, which states, “Defendant advised in Court of issuance of Order.” Although Judge Farber’s signed, nonhearsay statement is not verified, the court finds that, as a court order, it provides a sufficient, nonhearsay factual basis to show that defendant had notice of the order.
For the foregoing reasons, defendant’s motion to dismiss the accusatory instrument as defective on its face is denied.

 Interestingly, the Shaver Court observed that it was “constrained” to follow the Kirkham decision. (See People v Shaver, 290 AD2d at 732.)