OPINION OF THE COURT
Memorandum.
Judgment of conviction unanimously modified on the law by vacating the conviction of menacing in the third degree and dismissing said count of the accusatory instrument; as so modified, affirmed.
An order of protection directed defendant to stay away from complainant and to refrain from, inter alia, harassing, menacing and threatening complainant. Despite said order, defendant stood outside of complainant’s home, confronted her and yelled, cursed and threatened complainant. As a result, defendant was charged with one count of attempted criminal contempt in the second degree (Penal Law §§ 110.00, 215.50 [3]), menacing in the third degree (Penal Law § 120.15) and harassment in the second degree (Penal Law § 240.26 [1]). Defendant did not challenge the sufficiency of the information, and was convicted on all counts. On appeal, defendant argues for the first time that the information was jurisdictionally defective. Defendant contends that the count charging attempted criminal contempt in the second degree was jurisdictionally defective in that it failed to plead a required exception to the statute, to wit, that defendant’s disobedience was not in a case “involving or growing out of labor disputes” (Penal Law § 215.50 [3]), and that all the elements of menacing in the third degree and harassment were not pleaded as the allegations relative to said charges were insufficient to support the crimes. Specifically defendant contends that the allegation that defendant yelled and cursed at *10 the complainant and said that he would “finish” the “job” failed to contain the required elements of committing the act by placing complainant in imminent fear of physical injury by physical menace (see Penal Law § 120.15) and that said allegations failed to constitute a reasonable threat of physical contact (Penal Law § 240.26 [1]). Defendant further contends that the proof at trial was legally insufficient to support the conviction and that the evidence was against the weight of the evidence.
Section 100.40 (1) of the Criminal Procedure Law provides that an information is sufficient on its face when it substantially conforms to the requirements of CPL 100.15; when the factual allegations thereof (together with any supporting depositions which may accompany it) provide reasonable cause to believe that the defendant committed the offense charged in the accusatory part of the information; and when the nonhearsay allegations of the factual part of the information and/or any supporting depositions establish, if true, every element of the offense charged and defendant’s commission thereof. The law does not require that the information contain the most precise words or phrases most clearly expressing the charge, only that the crime and the factual basis therefor be sufficiently alleged that a defendant may prepare for trial and avoid retrial for the same offense (People v Konieczny, 2 NY3d 569, 575 [2004]; People v Zambounis, 251 NY 94 [1929]). The failure to comply with this requirement is a nonwaivable jurisdictional defect (People v Alejandro, 70 NY2d 133 [1987]) with the exception of the hearsay requirement which is deemed waived absent a pretrial motion (People v Casey, 95 NY2d 354 [2000]) or upon a plea of guilty (People v Pittman, 100 NY2d 114, 122 [2003]).
The factual allegations in the information relating to the charge of menacing in the third degree consisted solely of verbal threats. Inasmuch as the statute requires “physical menace” (Penal Law § 120.15), i.e., more than verbal threats, the information as to said charge is jurisdictionally defective (see Matter of Akheem B., 308 AD2d 402 [2003], lv denied 1 NY3d 506 [2004]; People v Stephens, 100 Misc 2d 267 [1979]; see also, Donnino, Practice Commentary, McKinney’s Cons Laws of NY, Book 39, Penal Law § 120.15, at 314-315). As to the charge of harassment, the verbal threat by defendant, to the effect that he was never going to leave the complainant alone and that he had people in the neighborhood who would finish the job for him, constituted a threat of physical harm to the complainant (see Penal Law § 240.26 [1]).
*11 As relevant herein, a person is guilty of criminal contempt in the second degree (Penal Law § 215.50 [3]) when he engages in: “Intentional disobedience or resistance to the lawful process or other mandate of a court except in cases involving or growing out of labor disputes as defined by subdivision two of section seven hundred fifty-three-a of the judiciary law” (emphasis supplied).
Inasmuch as neither the factual part of the accusatory instrument alleged, nor the proof adduced upon the trial established, that the disobedience of the order of protection did not involve or grow out of a labor dispute as defined by section 753-a (2) of the Judiciary Law, this court must decide whether said exclusion constituted an exception which the People were obligated to both plead and prove.
The Appellate Division departments have addressed the issue and have reached different results. The Third Department has held that the failure to allege the inapplicability of the labor dispute exclusion in an information renders it jurisdictionally defective (People v Shaver, 290 AD2d 731, 731-732 [2002]; People v Kirkham, 273 AD2d 509 [2000]). The Third Department in Kirkham opined that since section 215.50 (3) of the Penal Law excludes matters involving labor disputes, the language “must be [classified] as an exception rather than a proviso” (People v Kirkham, 273 AD2d at 509). The First Department, on the other hand, noted that unlike a true exception, the reference to labor disputes in Penal Law § 215.50 (3) incorporates a lengthy definition of such disputes that is found outside the statute. As a result, the First Department concluded that the Penal Law’s reference to labor disputes is a proviso rather than an exception and its inapplicability did not have to be specifically alleged in the indictment (People v D’Angelo, 284 AD2d 146 [2001], affd on other grounds 98 NY2d 733 [2002]).
The Appellate Division, Second Department, in People v Dudley (289 AD2d 503 [2001], lv denied 97 NY2d 753 [2002]) held that an indictment charging criminal contempt in the third degree that fails to allege that the court order did not involve or grow out of a labor dispute was jurisdictionally sufficient so long as it includes a specific reference to the statute under which the defendant is charged. The Court noted that the incorporation by specific reference to the statute operates to constitute allegations of all the elements of the crime (People v Dudley, 289 AD2d at 504). The Court of Appeals based its affirmance of the D’Angelo case on the same theory expressed by the Second *12 Department in Dudley. Said decisions rested on a determination of the jurisdictional sufficiency of an indictment, rather than an information which has its own special restrictions (see CPL 100.15, 100.40 [1]; People v Alejandro, 70 NY2d at 138-139), and we now consider whether the same result should be reached in the case of an information.
The resolution of this issue rests upon ambiguous distinctions between “exceptions” and “provisos.” The general rule is that in dealing with a crime, exceptions must be negatived by the prosecution and provisos utilized as a matter of defense (People v Devinny, 227 NY 397 [1919]; see also, McKinney’s Cons Laws of NY, Book 1, Statutes §§ 211, 212, 213). Attempts to apply this general rule and distinguish between exceptions and provisos have resulted in many technicalities and in much subtlety. It has been observed that “[t]he two classes of provisions — exceptions and provisos — frequently come closely together and the rule of differentiation ought to be so applied as to comply with the requirements of common sense and reasonable pleading” (People v Devinny, 227 NY at 401). In applying the above rule, courts have generally held that when a statute contains as part of its enacting clause an exception to the effect that under certain circumstances the offense is not to be considered as having been committed, that constitutes a true exception which must be negated by the prosecution. However, if the exception is enacted later in the statute or in a subsequent statute, it is a proviso which the People need neither plead nor prove the negative of in order to make out a prima facie case (see People v Kohut, 30 NY2d 183, 186 [1972]; People v Baur, 102 Misc 2d 971 [1980]; see also People v Bailey, 60 Misc 2d 283, 289 [1969]; People v Kollender, 169 Misc 995, 998 [1939]). Were this the sole criteria to be applied, courts would have little difficulty in determining what is an exception vis-á-vis a proviso. Notwithstanding the above rule, it has been held that said distinction should not be so mechanically applied that substance yields to form and that the burden of pleading and proof is determined solely by the accidental position in which the clauses of the statute are drafted (see People v Baur, 102 Misc 2d at 973; People v Odermatt, 39 Misc 2d 217, 218 [1963]; see also People v Devinny, 227 NY at 401). In addition, there is authority indicating that the distinction between a “proviso” and an “exception” may be wholly disregarded if necessary to give effect to the “manifest intention of the Legislature” (McKinney’s Cons Laws of NY, Book 1, Statutes § 211, Comment, at 369).
*13 In determining whether or not said language operates as a proviso or an exception, consideration should be given to the legislative history of the crime of criminal contempt. Said history, which is set forth in detail in People v Romano (188 Misc 2d 368 [2001]), reveals that said special exception was added in 1935 to provide immunity from prosecution to those persons accused of violating court orders in labor-related settings. In view of the foregoing, it would seem that the Legislature intended the Labor Law language to create a proviso, a matter for defendant to raise as a defense, rather than constitute an element of the crime to be alleged and proved by the People (People v Campbell, 6 Misc 3d 130[A], 2005 NY Slip Op 50064[U] [2005] [decided herewith]; see generally People v Romano, 188 Misc 2d at 374; People v Frazier, 195 Misc 2d 525 [2003]; People v Feiler, 191 Misc 2d 390 [2002]; see also People v Devinny, 227 NY 397 [1919], supra). Accordingly, the information was not jurisdiction-ally defective with regard thereto.
Viewing the evidence in the light most favorable to the People (see People v Contes, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish defendant’s guilt of harassment in the second degree (Penal Law § 240.26 [1]) and attempted criminal contempt in the second degree (Penal Law §§ 110.00, 215.50 [3]). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict, as to said counts, was not against the weight of the evidence (see CPL 470.15 [5]). In conclusion, we also note that the sentence imposed has been served.
Pesce, PJ., Patterson and Rios, JJ., concur.