■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EUN SIL JANG, Appellant. [793 NYS2d 540]—

Appeal by the defendant from a judgment of the County Court, Suffolk County (Hudson, J.), rendered March 23, 2004, convicting her of unauthorized practice of a profession (*see* Education Law § 6512 [1]), upon her plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, Education Law § 6512 (1) is not unconstitutionally vague. The statute provides a person of ordinary intelligence with a reasonable opportunity to

know the conduct that is proscribed and contains clear standards for enforcement (*see County of Nassau v Canavan,* 1 NY3d 134, 138 [2003]; *People v Stuart,* 100 NY2d 412, 418 [2003]; *People v Foley,* 94 NY2d 668, 680 [2000]).

The County Court providently exercised its discretion in denying that branch of the defendant's omnibus motion which was for release of the grand jury minutes, as she failed to demonstrate a compelling and particularized need for their production (*see* CPL 190.25 [4] [a]; 210.30 [3]; *People v Robinson,* 98 NY2d 755, 757 [2002]; *People v Fetcho,* 91 NY2d 765, 769 [1998]).

By pleading guilty, the defendant waived her claim that the evidence submitted to the grand jury was insufficient to support the indictment (*see People v Kennington,* 283 AD2d 658 [2001]; *People v Caleca,* 273 AD2d 476 [2000]). In any event, we agree with the People that the evidence before the grand jury was legally sufficient to establish the elements of unauthorized practice of massage therapy (*see* Education Law § 6512 [1]; § 7801; *People v Gordon,* 88 NY2d 92, 95 [1996]; *People v Galatro,* 84 NY2d 160, 163 [1994]; *People v Mayer,* 1 AD3d 461, 463 [2003]; *People v Franklin,* 305 AD2d 613 [2003]).

The County Court also properly denied those branches of the defendant's omnibus motion which were to dismiss the indictment on the grounds that the grand jury was defective (*see* CPL 210.20 [1] [c]; 210.35 [2], [3]) and impaired (*see* CPL 210.35 [5]). The People's submission of the minutes and attendance sheet for August 14, 2003, confirmed that an adequate number of jurors were present and concurred in the indictment (*see People v Perry,* 199 AD2d 889 [1993]). Moreover, the prosecutor's conduct did not impair the integrity of the grand jury (*see* CPL 210.35 [5]; *People v Adessa,* 89 NY2d 677, 684-686 [1997]; *People v Huston,* 88 NY2d 400, 409 [1996]; *People v Montes,* 5 AD3d 609 [2004]). The indictment, as supplemented by the bill of particulars, also provided the defendant with sufficiently specific information as to the manner, time, and place of the crimes charged (*see* CPL 200.50 [7] [a]; *People v Jackson,* 46 NY2d 721, 723 [1978]; *People v Iannone,* 45 NY2d 589 [1978]; *People v Dudley,* 289 AD2d 503 [2001]; *People v Pumarejo,* 222 AD2d 616 [1995]). Florio, J.P., Adams, Luciano and Skelos, JJ., concur.