OPINION OF THE COURT
Nicholas J. Lacovetta, J.
The defense moves to dismiss the charge of unlawfully dealing with a child (Penal Law § 260.20 [2]) because it is facially insufficient (see CPL 100.15, 100.40).
*506 The defense asserts that the information fails to plead as a necessary element of the offense that defendant is not the parent or guardian of the child. The statute exempts a parent or guardian from liability under this subdivision (see Penal Law § 260.20 [2]).
Various courts in different factual contexts have addressed the issue of whether an information must plead an exception to the statute as an element of the offense. Their analysis usually begins with an examination of the distinction between a “proviso” and an “exception.” See People v Sylla (7 Misc 3d 8 [App Term, 2d & 11th Jud Dists 2005], lv denied 4 NY3d 857 [2005]) for a thorough examination of the topic leading to a determination that an information charging the offense of attempted criminal contempt in the second degree did not have to plead as an element the exception that defendant’s violation of the court order did not arise out of a labor dispute as defined by section 753-a (2) of the Judiciary Law (see Penal Law § 215.50 [3]).
Courts have generally held that when an exception to a statute exists entirely within a statute it is a true exception which must be negated by the People in the pleading. However, if the exception is found outside the statute, the exception is generally a matter for the defendant to raise in defense (see People v Kohut, 30 NY2d 183, 187 [1972]; People v Campbell, 6 Misc 3d 130[A], 2005 NY Slip Op 50064[U] [App Term, 2d & 11th Jud Dists 2005], lv denied 4 NY3d 852 [2005]).
Since here the element in question, i.e., not a parent or guardian, does not refer to any definition for that term outside the statute, the above analysis suggests that it is an element which must be pleaded by the prosecution. The above guidelines, however, are not absolute. Attempts to distinguish between exceptions and provisos have resulted in many technicalities and in much subtlety (see People v Devinny, 227 NY 397, 401 [1919]). The two classes of provisions — exceptions and provisos — frequently come close together and the rule of differentiation ought to be so applied as to comply with the requirements of common sense and reasonable pleading (see People v Devinny, 227 NY 397, 401, supra). The latter distinction should not be so mechanically applied that substance yields to form and that the burden of pleading and proof is determined solely by the accidental position in which the clauses of the statute are drafted (see People v Odermatt, 39 Misc 2d 217, 218 [1963]).
In addition, there is authority that the legislative history of the statute should be considered in addressing the distinction *507 between a “proviso” and an “exception,” and that the latter distinction may be wholly disregarded to give effect to the manifest intention of the Legislature (McKinney’s Cons Laws of NY, Book 1, Statutes § 211, at 369).
Subdivision (2) of Penal Law § 260.20, which prohibits the selling or giving of alcohol to a person less than 21 years of age, was derived from former Penal Law § 484 (3). A parent or guardian was not exempted from liability under the latter subdivision. The exemption for a parent or guardian in the current statute, Penal Law § 260.20 (2), has its genesis in subdivision (4) of the single-degree crime of unlawfully dealing with a child, containing five subdivisions, as formerly defined in Penal Law § 260.20, enacted as part of the revision of the former Penal Law (L 1965, ch 1030).
The exemption was added to avoid the possibility of prosecution under Penal Law § 260.20 (4) of a parent who gives his or her child a glass of beer (see Commn Staff Comments, reprinted in Changes in the New Penal Law Since the 1964 Study Bill [1964] [Senate Int 3918, Assembly Int 5376], Penal Law § 260.20, reprinted in Gilbert, Criminal Code and Penal Law, at ID-38 [1968]; cf. People v Martell, 16 NY2d 245 [1965] [interpreting the former crime defined in Penal Law § 484 (3) as inapplicable to the service of alcoholic beverages in one’s residence to one’s children but expressing no opinion whether the same conduct would be unlawful under subdivision (4) of section 260.20 of the revised Penal Law]).
The above exemption was retained in subdivision (2) of the current statute (Penal Law § 260.20), when by amendment subdivisions (2) and (4) of the former single-degree crime of unlawfully dealing with a child were retained as subdivisions (1) and (2) in the elevated crime of unlawfully dealing with a child in the first degree defined in Penal Law § 260.20 (L 1992, ch 362, as amended).*
Penal Law § 260.20 (2), in addition to the exception for a parent or guardian added in 1965, also contains a subsequent exception enacted in 1986 which exempts from criminal liability under this subdivision an instructor who provides alcohol to underage students as part of a required curriculum licensed or registered by the State Education Department. The latter *508 amendment was enacted at the urging of the Culinary Institute of America (see Donnino, Practice Commentary, McKinney’s Cons Laws of NY, Book 39, Penal Law § 260.20 [2], at 47).
The legislative history of the statute demonstrates that the exemption from liability subsequently created for a parent or guardian under this subdivision (Penal Law § 260.20 [2]), was intended as a proviso to be raised as a defense by a defendant rather than as an exception pleaded and proved by the People (see People v Sylla, 7 Misc 3d 8, 13, supra). The latter determination is in harmony with rational pleading requirements (see People v Devinny, 227 NY 397, 401, supra; People v Konieczny, 2 NY3d 569, 575 [2004]; People v Casey, 95 NY2d 354, 360 [2000]; People v Bull, 5 Misc 3d 39, 42 [App Term 2004]).
The defense theory that the People must negate the exception accorded a parent or guardian by pleading it in the negative would similarly require the People to plead in the negative the exception applicable to an instructor even though it does not apply to the current facts. The latter scenario underscores the reasonableness of construing the exemption for a parent or guardian as a proviso to be asserted by the defense rather than as an exception to be negated by the prosecution in the pleading.
Further support for this result is found in the last sentence in Penal Law § 260.20 (2) rejecting as a defense to prosecution under the subdivision any claim that the child acted as an agent of another person. The words used in a penal statute are generally to be given their usual, ordinary and commonly accepted meaning (see McKinney’s Cons Laws of NY, Book 1, Statutes § 271 [c], at 433). The specific reference to an agency claim as a defense in the same subdivision containing the exemption for a parent or guardian is additional proof that the latter exemption was intended as a proviso to be pleaded by the defense.
Moreover, even where the exception is in the enacting clause so that the People are generally required to plead it in the negative (see People v Kohut, 30 NY2d 183 [1972], supra), there is authority stating that the People are still not required to do so when the facts are peculiarly and immediately within the knowledge of the defendant (see People v Baur, 102 Misc 2d 971, 973-974 [1980]; People v Odermatt, 39 Misc 2d 217, 218, supra; People v Kollender, 169 Misc 995, 998 [1939]). The issue of whether defendant is a parent or guardian of the minor referred to in this case falls within the latter circumstance.
*509 The motion to dismiss the Penal Law § 260.20 (2) charge for fading to plead the above exception is denied.

 The three remaining subdivisions of the former single-degree crime were renumbered and restated without change as the crime of unlawfully dealing with a child in the second degree defined in Penal Law § 260.21 (L 1992, ch 362, as amended).