■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRANDON JENNINGS, Appellant. [874 NYS2d 553]—

Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Molea, J.), rendered October 11, 2007, convicting him of criminal possession of a weapon in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

While the defendant correctly asserts that a claim of illegality of a sentence survives the entry of a plea of guilty and the waiver of the right to appeal (*see People v Nicholas*, 8 AD3d 300, 300 [2004]; *see also People v Seaberg*, 74 NY2d 1, 9 [1989]), here, despite the manner in which the defendant frames his argument, the defendant is not, in fact or effect, challenging the legality of his sentence. Rather, he is challenging the validity of the indictment. Count one of the indictment charged the defendant with criminal possession of a weapon in the third degree. However, that count of the indictment cited Penal Law § 265.03 (3), corresponding to criminal possession of a weapon in the second degree, and tracked the language of that section. The defendant claims that it was improper for the court to permit him to plead guilty to criminal possession of a weapon in the second degree where the indictment charged him with criminal possession of a weapon in the third degree. However, the defendant knowingly, voluntarily, and intelligently entered a plea of guilty to criminal possession of a weapon in the second degree under count one of the indictment, the only count at issue here. Consequently, the defendant forfeited all nonjurisdictional challenges to that count of the indictment (*see People v Dudley*, 289 AD2d 503, 503 [2001]; *People v Walker*, 115 AD2d 510, 510 [1985]; *see also People v Taylor*, 65 NY2d 1, 5 [1985]). Count one of the indictment was not jurisdictionally defective (*see generally People v Iannone*, 45 NY2d 589, 600 [1978]). "That count of the indictment cited the applicable section of the Penal Law and sufficiently tracked the language thereof to afford the defendant fair notice of the charge against him" (*People v Dudley*, 289

AD2d at 503). Thus, because the defendant forfeited his right to challenge any nonjurisdictional defects in the indictment by entering his plea of guilty, the judgment convicting him of criminal possession of a weapon in the second degree must be affirmed (*id.*). The defendant's arguments cannot be resuscitated by couching them as a challenge to the legality of the sentence.

In light of our determination, we need not reach the defendant's remaining contention. Mastro, J.P., Florio, Covello and Belen, JJ., concur.