People v Snype (2019 NY Slip Op 03086)





People v Snype


2019 NY Slip Op 03086


Decided on April 24, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 24, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
RUTH C. BALKIN
LEONARD B. AUSTIN
ROBERT J. MILLER, JJ.


2010-00328
 (Ind. No. 09-00146)

[*1]The People of the State of New York, respondent,
v
Calvin Snype, appellant.


Douglas M. Jones, Florida, NY, for appellant.
David M. Hoovler, District Attorney, Middletown, NY (William C. Ghee of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Orange County (Robert H. Freehill, J.), rendered December 4, 2009, convicting him of criminal mischief in the third degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
"The decision to permit a defendant to withdraw a previously entered plea of guilty, as well as the nature and extent of the fact-finding inquiry, rests largely within the sound discretion of the court and generally will not be disturbed absent an improvident exercise of discretion" (People v Jemmott, 125 AD3d 1005, 1006; see CPL 220.60[3]; People v Brown, 14 NY3d 113, 116; People v Alexander, 97 NY2d 482, 485). Here, the County Court providently exercised its discretion in denying, without a hearing, the defendant's motion to withdraw his plea of guilty (see People v King, 161 AD3d 1010; People v Douglas, 83 AD3d 1092, 1092-1093).
By pleading guilty, the defendant waived his claim that the evidence submitted to the grand jury was not sufficient to support the third count of the indictment (see People v Dunbar, 53 NY2d 868, 871; People v Smith, 147 AD3d 791; People v Kennington, 283 AD2d 658; People v Caleca, 273 AD2d 476).
The defendant's contention that he was deprived of the effective assistance of counsel is without merit (see People v Caban, 5 NY3d 143, 152; People v Baldi, 54 NY2d 137, 147).
RIVERA, J.P., BALKIN, AUSTIN and MILLER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court