People v Hummel-Parker (2019 NY Slip Op 03105)





People v Hummel-parker


2019 NY Slip Op 03105


Decided on April 25, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 25, 2019

109043

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
MICHAEL HUMMEL-PARKER, Appellant.

Calendar Date: March 30, 2019

Before: Garry, P.J., Egan Jr., Devine, Aarons and Pritzker, JJ.


Eric K. Schillinger, Albany, for appellant.
Robert M. Carney, District Attorney, Schenectady (Peter H. Willis of counsel), for respondent.



MEMORANDUM AND ORDER
Egan Jr., J.
Appeal from a judgment of the County Court of Schenectady County (Sypnewski, J.), rendered September 28, 2016, convicting defendant upon his plea of guilty of the crime of attempted criminal possession of a weapon in the second degree.
Defendant waived indictment, pleaded guilty to a superior court information (hereinafter SCI) charging him with attempted criminal possession of a weapon in the second degree and waived his right to appeal. County Court sentenced him, in accordance with the terms of the plea agreement, to a prison term of three years followed by 1½ years of postrelease supervision. Defendant appeals.
Initially, defendant contends that the SCI is jurisdictionally defective. Specifically, defendant asserts that all material elements of attempted criminal possession of a weapon in the second degree were not set forth in the accusatory instrument as there was no reference to the weapon being loaded (see Penal Law § 265.03 [1] [b]). Although this issue survives defendant's unchallenged appeal waiver and guilty plea (see People v Brown, 163 AD3d 1269, 1271 [2018]), it is without merit. The specific reference to the statute in the SCI is sufficient to constitute allegations of all the elements of the crime charged in order to survive a jurisdictional challenge (see People v D'Angelo, 98 NY2d 733, 735 [2002]; People v Benn, 159 AD3d 1272, 1272 [2018], lv denied 32 NY3d 935 [2018]).
Defendant also contends that the plea was not knowing, voluntary and intelligent because the factual allocution did not establish each element of the crime. Essentially, this amounts to a challenge to the factual sufficiency of the plea allocution that, despite defendant's contention to the contrary, is precluded by his unchallenged waiver of the right to appeal (see People v Maddaloni, 166 AD3d 1235, 1235 [2018]; People v Letohic, 166 AD3d 1223, 1223 [2018], lv denied 32 NY3d 1174 [2019]). To the extent that defendant's contention constitutes a challenge to the voluntariness of the plea, which survives the appeal waiver, it is nevertheless [*2]unpreserved for our review as the record does not reflect that defendant made an appropriate postallocution motion, and the narrow exception to the preservation requirement is inapplicable as defendant made no statements that negated an essential element of the crime charged (see People v Lopez, 71 NY2d 662, 666 [1988]; People v Gray, 162 AD3d 1248, 1248 [2018]).
Garry, P.J., Devine, Aarons and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed.