OPINION OF THE COURT
Memorandum.
Order unanimously reversed on the law, accusatory instru *446 ment reinstated and matter remanded to the court below for all further proceedings.
The defendant was charged with violating section 478 of the Judiciary Law in that he identified himself as an attorney in an attempt to gain admission to the prisoner holding facility in the Richmond County Supreme Court.
The information alleges that:
(1) defendant stated he was an attorney in order to gain entrance to the Richmond County Supreme Court prisoner holding facility; and
(2) that defendant is not an attorney admitted to practice law in the State of New York.
These allegations sufficiently establish a clear violation of section 478 of the Judiciary Law which prohibits anyone from falsely stating that he or she is a lawyer so as to "convey the impression” that he or she is licensed as such. The said section prohibits "any natural person” who is not an attorney from holding himself out as being entitled to practice law or to assume or use the title of attorney. By its very clear and complete language, it does much more than merely prohibit the unauthorized practice of law. To give it such a judicially narrow construction as urged by defendant would simply ignore the clear language of the statute and would be a declaration that most of the language contained in the statute is merely surplusage, thereby ignoring the obvious legislative intent.
In the case at bar, the defendant allegedly did more than simply hold himself out as an attorney. He did so to accomplish an illegal purpose. The information was therefore sufficient on its face (CPL 100.40).
Monteleone, J. P., Pizzuto and Santucci, JJ., concur.