■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GREGORY SHAW, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WAYNE ALEXANDER, Appellant. [626 NYS2d 65] —Judgment, Supreme Court, New York County (Carol Berkman, J.), rendered July 8, 1993, convicting defendant Alexander, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 5½ to 11 years; and judgment of the same court and Justice, rendered July 15, 1993, convicting defendant Shaw, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 4½ to 9 years, unanimously affirmed.

Defendant Alexander's claim that the trial court improperly limited his cross-examination of the police witnesses regarding the use of a Kel transmission device is meritless, considering that the court, after initially issuing a preclusion ruling, permitted substantial testimony concerning the undercover's use of such device in this case. *(Cf., People v Watkins,* 157 AD2d 301, 312.)* It sustained only objections to counsel's questions which asked the witnesses to speculate as to the identity of the officer who received the transmission.

Nor were the defendants entitled to a missing witness charge concerning the officer who received the Kel transmissions, as they failed to demonstrate that such witness either overheard the drug sale transaction as it occurred, or that his testimony would in any way contradict that of the purchasing detective or the "ghost" on the scene *(see, People v Ortiz,* 83 NY2d 989, *affg* 193 AD2d 449), and therefore that the witness' testimony would be material and noncumulative *(see, People v Gonzalez,* 68 NY2d 424). Concur—Ellerin, J. P., Rubin, Asch, Nardelli and Mazzarelli, JJ.