■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES ARNOLD, Appellant. [850 NYS2d 447]—

Judgment, Supreme Court, New York County (Arlene D. Goldberg, J.), rendered April 6, 2006, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony drug offender, to a term of four years, unanimously affirmed.

Defendant challenges the court's exclusion of his adult son during the testimony of an undercover officer. At a *Hinton* hearing, the People made a proper showing under *Waller v Georgia* (467 US 39 [1984]) to justify exclusion of the general public. At least as a matter of federal constitutional law, "*Waller* does not demand a higher showing before excluding a defendant's friends and family" (*Rodriguez v Miller*, 499 F3d 136, 142 [2d Cir 2007]). The People made a sufficiently particularized showing to justify exclusion of defendant's son, thereby satisfying the requirements of New York case law (*see People v Nieves*, 90 NY2d 426 [1997]). The undercover officer testified that he recognized defendant's son from having seen him on prior occasions in the vicinity of defendant's arrest, had made eye contact with him, and feared for his safety and for the integrity of future undercover operations in that area if the son were allowed to be present during his trial testimony. Defendant's arguments concerning the alleged exclusion of his daughter-in-law are without merit.

The court properly denied, both on the ground of untimeliness as well as on the merits, defendant's request for a missing witness charge. The request was untimely because it could have been made at the outset of trial given the information in defendant's possession, including the suppression hearing testimony, the *Rosario* material, and the People's witness list. In addition, defendant did not establish his entitlement to such a charge. An officer testified that although the undercover officer was in radio contact during the transaction, only a description of the seller was transmitted, and static generally interfered with transmissions over the poorly-functioning electronic de-

vice. Another officer, who had been sitting with the testifying officer in the backup car and was responsible for monitoring the electronic device, was not called as a witness. Defendant argues that if called, the other officer could have testified regarding the alleged conversation between the undercover officer and defendant, which could have been picked up on the radio transmission, and which could have supported his agency defense. However, given these circumstances, defendant failed to show that the nontestifying officer was in a position to have heard anything relevant or that his testimony could have contradicted that of the undercover officer (*see People v McBride*, 272 AD2d 200 [2000], *lv denied* 95 NY2d 868 [2000]; *People v Shaw*, 214 AD2d 472 [1995], *lv denied* 86 NY2d 802 [1995]). To the extent that defendant is claiming he was constitutionally entitled to a missing witness charge, such claim is unpreserved and we decline to review it in the interest of justice. As an alternative holding, we also reject it on the merits. Concur—Andrias, J.P., Nardelli, Williams, McGuire and Acosta, JJ.