THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALBERTO POLANCO, Appellant. [993 NYS2d 306]—

Judgment, Supreme Court, New York County (Leslie Crocker Snyder, J., at suppression motions; Charles H. Solomon, J., at severance motion; Robert H. Straus, J., at jury trial and sentencing), rendered May 12, 2005, as amended May 25, 2005, convicting defendant of criminal possession of a controlled substance in the first degree, conspiracy in the second and fourth degrees, and two counts of criminal possession of a forged instrument in the second degree, and sentencing him, as a second felony offender, to concurrent terms of 23 years, 12½ to 25 years, 3½ to 7 years, 3½ to 7 years and 2 to 4 years, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's determinations concerning credibility. There was extensive evidence to corroborate the testimony of accomplices, including evidence of intercepted communications, police observations, and the recovery of large amounts of cash.

The court properly exercised its discretion in limiting cross-examination of an accomplice witness concerning an alleged prior bad act (*see People v Corby*, 6 NY3d 231, 234 [2005]). The proposed line of inquiry had a potential for prejudice and confusion that outweighed its probative value. Furthermore, defendant received ample latitude in which to impeach the credibility of this witness. Accordingly, we find no violation of defendant's right of confrontation (*see Delaware v Van Arsdall*, 475 US 673, 678-679 [1986]).

The court properly exercised its discretion in denying defendant's motion to sever his trial from that of his codefendant. Defendant has not established that he was prejudiced in any way by the joint trial. There were no antagonistic defenses, and the evidence relating to the acts of the codefendant was admissible

against defendant and necessary to prove conspiracy (*see People v Mahboubian*, 74 NY2d 174, 183 [1989]; *People v Council*, 98 AD3d 917, 918 [1st Dept 2012], *lv denied* 20 NY3d 1060 [2013]).

The court properly denied defendant's motions to suppress evidence obtained through warrants. The record establishes that the warrants in question were properly issued. Defendant's claim that he was entitled to a de novo suppression proceeding after his first trial ended in a mistrial is unpreserved and without merit in any event (*see People v Evans*, 94 NY2d 499, 504-505 [2000]).

Defendant's arguments concerning expert testimony and the court's refusal to deliver a circumstantial evidence charge are similar to arguments this Court rejected on the codefendant's appeal (*People v Polanco*, 50 AD3d 587 [1st Dept 2008], *lv denied* 11 NY3d 834 [2008]), and we see no reason to reach a different conclusion.

Defendant's ineffective assistance of counsel claims, including those raised in his pro se supplemental brief, are unreviewable on direct appeal because they involve matters not reflected in, or fully explained by, the record (*see People v Rivera*, 71 NY2d 705, 709 [1988]; *People v Love*, 57 NY2d 998 [1982]). Although defendant made several CPL 440.10 motions, he failed to obtain permission from this Court to appeal, and those motions are thus not before us. Accordingly, the merits of the ineffectiveness claims may not be addressed on appeal. In the alternative, to the extent the existing record permits review, we find that defendant received effective assistance under the state and federal standards (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *Strickland v Washington*, 466 US 668 [1984]).

We perceive no basis for reducing the sentence.

We have considered and rejected defendant's remaining claims, including those contained in his pro se supplemental brief. Concur—Tom, J.P., Friedman, Acosta, DeGrasse and Gische, JJ.