■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SOMA SENGUPTA, Appellant. [993 NYS2d 710]—

Judgment, Supreme Court, New York County (Thomas Farber, J.), rendered March 27, 2013, convicting defendant, after a nonjury trial, of criminal possession of a forged instrument in the second degree (three counts), offering a false instrument for filing in the first degree (two counts) and conspiracy in the fifth degree, and sentencing her to an aggregate term of five years' probation, unanimously modified, on the law, to the extent of reducing the forged instrument convictions to third-degree criminal possession of a forged instrument, and remanding for resentencing on those convictions, and otherwise affirmed.

The evidence was legally insufficient to support the convictions of second-degree criminal possession of forged instrument under Penal Law § 170.25, which requires proof of possession of a forged instrument of a kind specified in Penal Law § 170.10. None of the forged reference letters defendant submitted in support of her application to become a barrister in the United Kingdom was a "[a] deed, will, codicil, contract, assignment, commercial instrument, credit card . . . or other instrument which does or may evidence, create, transfer, terminate or otherwise affect a legal right, interest, obligation or status" (Penal Law § 170.10 [1]). Although a phrase such as "other instrument" is "susceptible of a wide interpretation," under the ejusdem generis canon of construction, it "becomes one limited in its effect by the specific words which precede it" (*People v Illardo*, 48 NY2d 408, 416 [1979] [construing phrase "other similar justification" contained in Penal Law § 235.15 (1)]). Nevertheless, the evidence established the lesser included offense of third-degree possession, and we reduce the conviction accordingly (*see* CPL 470.15 [2] [a]).

The remaining convictions were based on legally sufficient evidence and were not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the court's determination that defendant acted with the requisite intent to commit first-degree offering a false instrument for filing (*see* Penal Law § 175.35). The evidence supports the inference that when defendant, who was

then a New York attorney, knowingly submitted attorney registration statements to the Office of Court Administration containing false information, she did so with the intent to defraud that agency, within the meaning of the statute. The intent requirement was satisfied by defendant's intent to cause the agency to maintain incorrect information in its files, notwithstanding that this was intended, in turn, to further her ultimate goal of defrauding the British bar admission authorities. The court's explanation of its verdict on these charges was entirely consistent with this conclusion, and defendant's argument to the contrary is unavailing.

We have considered and rejected defendant's remaining arguments, including those addressed to the proof of conspiracy, the territorial jurisdiction of New York, and the court's alleged constructive amendment of the indictment. Concur—Friedman, J.P., Sweeny, Acosta, Saxe and Manzanet-Daniels, JJ.