■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDRIQUE BARON, Appellant. [21 NYS3d 16]—

Judgment, Supreme Court, New York County (Thomas Farber, J.), rendered July 31, 2009, as amended August 12, 2009, convicting defendant, after a jury trial, of computer trespass, commercial bribe receiving in the first degree (7 counts), computer tampering in the third degree (4 counts), falsifying business records in the first degree (14 counts), criminal possession of a forged instrument in the second degree (3 counts), violation of Education Law § 224 (2) (5 counts) and attempted falsification of business records in the first degree, and sentencing him to an aggregate term of 2²/₃ to 8 years, unanimously modified, as a matter of discretion in the interest of justice, to the extent of reducing the forged instrument convictions to third-degree criminal possession of a forged instrument, and otherwise affirmed.

Although defendant did not preserve his claim that the evidence was legally insufficient to support the convictions of criminal possession of a forged instrument in the second degree, we find, as the People concede, that a forged letter of recommendation is not a forged instrument under that statute (*see People v Sengupta*, 121 AD3d 575 [1st Dept 2014], *lv denied* 25 NY3d 1077 [2015]). Accordingly, we exercise our interest of justice jurisdiction to reduce those counts to third-degree possession.

Defendant's legal sufficiency claims as to the commercial bribe receiving and attempted falsification of business records counts are unpreserved, and we decline to review them in the interest of justice. As an alternative holding, we reject them on the merits. We also find that the verdict as to these counts was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). Regardless of whether any specific amount of economic loss could be attributed to a particular act of commercial bribe receiving, the testimony abundantly established that the economic loss suffered by the victim exceeded $250 for purposes of those counts. The evidence also supported the inference that defendant acted in concert to sell the forged academic transcript at issue (*see* Penal Law § 20.00). As to the attempt count, the evidence that defendant received another person's personal information, and possessed a computer with access to a college's student information system and other supplies needed to forge a transcript for that person, established that defendant came "dangerously near commission of the completed crime" (*People v McGee*, 20 NY3d 513, 519 [2013]).

The court properly admitted out-of-court statements by defendant's intermediary concerning defendant's participation in the scheme to sell academic records, pursuant to the coconspirator exception to the hearsay rule. Contrary to defendant's argument, the evidence was sufficient to make out a prima facie case of conspiracy (*see People v Diaz*, 209 AD2d 1, 4-6 [1st Dept 1995], *lv denied* 85 NY2d 972 [1995]).

Defendant failed to preserve his constitutional challenge to the admission of hearsay, his challenge to the court's *Molineux* ruling, and his argument that the count of computer trespass was duplicitous, and we decline to review them in the interest of justice. As an alternative holding, we find that they are without merit, and that any error was harmless in light of the overwhelming evidence of defendant's guilt (*see People v Crimmins*, 36 NY2d 230, 242 [1975]).

Defendant's ineffective assistance of counsel claim is unreviewable since it involves matters not reflected in or fully explained by the record (*see People v Rivera*, 71 NY2d 705, 709 [1988]). Although defendant made a CPL 440.10 motion that was denied, he failed to obtain permission from this Court to appeal; accordingly, the merits of the ineffectiveness claim are not properly before us (*see People v Polanco*, 121 AD3d 436, 437 [1st Dept 2014], *lv denied* 24 NY3d 1221 [2015]). In the alternative, insofar as the record permits review, we find that defendant received effective assistance under the state and federal standards (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *Strickland v Washington*, 466 US 668 [1984]). Concur—Friedman, J.P., Sweeny, Renwick, Andrias and Moskowitz, JJ.