OPINION OF THE COURT
Memorandum.
Ordered that the judgment of conviction is affirmed.
Defendant was charged with, and pleaded guilty to, practicing or appearing as an attorney-at-law without being admitted and registered (Judiciary Law § 478). The factual portion of the accusatory instrument alleged that defendant had appeared in New York State Supreme Court before Justice Patricia DiMango as an immigration attorney for a defendant in a criminal action, that he had placed his appearance on the record, that he had conferred with the judge and defense counsel at a sidebar conference, and that he had gained entry to a secure prisoner detention area into which only attorneys are permitted for the purpose of conferring with incarcerated clients. The instrument further alleged that a court analyst employed by the Office of Court Administration (OCA), who works in the attorney registration unit of OCA, stated that, according to the official records of OCA, no attorney named Prince Adekoya (defendant) “is now or has ever been admitted and licensed to practice law or to appear as an attorney within the courts of the State of New York.” Furthermore, the instrument *101 alleged that the court analyst is a custodian of the official records of OCA concerning individuals admitted and registered to practice law in the courts of the State of New York; that it is among the duties of OCA to maintain records of individuals who are authorized to practice law in New York State; and that the records of OCA are maintained in the ordinary course of business by trained employees who have a duty to make accurate and contemporaneous entries.
On appeal, defendant contends that the accusatory instrument was jurisdictionally defective since it failed to specifically plead the inapplicability of the various “exceptions” set forth in Judiciary Law § 478 and failed to plead that a reasonably thorough name search had been conducted before concluding that defendant was not admitted and registered to appear as an attorney. The People respond that such “exceptions” did not have to be affirmatively pleaded since they operated as provisos to the statute, rather than exceptions, and that a challenge to the validity of the OCA court analyst’s search as a basis for her conclusion that defendant was not admitted to practice law in this state is a matter to be raised as an evidentiary defense at trial and is not required to be pleaded as part of a facially sufficient information.
At the outset, we note that an argument concerning an accusatory instrument’s facial sufficiency is jurisdictional (see People v Alejandro, 70 NY2d 133 [1987]). Thus, defendant’s claim was not forfeited upon his plea of guilty (see People v Dreyden, 15 NY3d 100, 103 [2010]; People v Konieczny, 2 NY3d 569, 573 [2004]) and must be reviewed in spite of his failure to raise it in the Criminal Court (see Alejandro, 70 NY2d 133).
Since defendant did not waive prosecution by information, the facial sufficiency of the accusatory instrument must be reviewed according to the requirements of an information (see CPL 100.10 [1]; 170.65 [1], [3]; People v Kalin, 12 NY3d 225, 228 [2009]). In order for an information to be facially sufficient, it (and/or any supporting depositions accompanying it) must allege nonhearsay allegations of fact of an evidentiary character that establish, if true, every element of the offense charged and must provide reasonable cause to believe that the defendant committed the offense charged (see CPL 100.15 [3]; 100.40 [1] [c]; People v Dumas, 68 NY2d 729, 731 [1986]). These requirements are jurisdictional (see Kalin, 12 NY3d 225; People v Casey, 95 NY2d 354 [2000]; Alejandro, 70 NY2d 133; Dumas, 68 NY2d at 731), and the failure to meet these requirements *102 may be asserted at any time, with the exception of the requirement of nonhearsay allegations, which, insofar as is relevant to this appeal, is forfeited upon a guilty plea (see People v Keizer, 100 NY2d 114, 122 [2003]). The law does not require that the most precise words or phrases which most clearly express the thought be used in an information, but only that the offense be sufficiently alleged so that the defendant can prepare himself for trial, and so that he will not be tried again for the same offense (see Dreyden, 15 NY3d at 103; Konieczny, 2 NY3d at 575; Casey, 95 NY2d at 360).
The general rule regarding statutory crimes is that “exceptions must be negatived by the prosecution and provisos utilized as a matter of defense” (People v Devinny, 227 NY 397, 401 [1919] [indictment charging practicing medicine without being licensed and registered did not need to negate the provisos described in the statute]). However, “[attempts to apply this general rule and distinguish between exceptions and provisos have resulted in many technicalities and in much sublety” (Devinny, 227 NY at 401) as the murky contours of exceptions and provisos have long been the subject of much debate (see People v Davis, 13 NY3d 17, 32 [2009]; People v Santana, 7 NY3d 234, 236 [2006]; People v Bradford, 227 NY 45, 48 [1919]). Thus, “the rule of differentiation ought to be so applied as to comply with the requirements of common sense and reasonable pleading” (Devinny, 227 NY at 401). We are unpersuaded by defendant’s assertion that the statute created exceptions that must be affirmatively pleaded as elements in the accusatory instrument, rather than provisos that need not be pleaded but may be raised by the accused as a bar to prosecution or a defense at trial (see Davis, 13 NY3d 17; Santana, 7 NY3d 234; Devinny, 227 NY 397; People v Sylla, 7 Misc 3d 8, 12 [App Term, 2d Dept, 2d & 11th Jud Dists 2005]).
The legislative history of Judiciary Law § 478 reveals that when the statute was first enacted in 1965, it included only the enacting clause and one additional provision, which was contained in a separate sentence, pertaining to officers of “societies for the prevention of cruelty” (L 1965, ch 1031, § 114). Thus, since the enactment clause was later modified by en-grafting upon it new provisions, by way of amendments, providing conditionally for situations where the general rule does not apply, they should be deemed in the nature of provisos (see Rowell v Janvrin, 151 NY 60 [1896]). Furthermore, when examining the legislative intent in enacting the statute and its *103 amendments, the clearest inference to be drawn is that the legislature did not intend to require the People to go to such intolerable lengths by having the burden of negating each of these provisions, which have multiple components, as a part of the pleading process, as it would not be a fair apportionment of the burden of proof. Any other interpretation would be unreasonable, as such efforts would serve “[n]o useful purpose of narrowing issues or giving notice,” but would merely give rise to “technicalities that] could be used belatedly to stifle an otherwise viable prosecution” (Davis, 13 NY3d at 32; cf. People v Kohut, 30 NY2d 183, 191 [1972]). Therefore, as a matter of “common sense and reasonable pleading” (Devinny, 227 NY at 401), we find that there is no requirement for the People to negate each of the alternatives specified in Judiciary Law § 478 in every accusatory instrument premised on that statute. This result comports with the historical formulation of the exception/ proviso distinction, provides a statutory construction that properly allocates the burden of proof, and satisfies the constitutional and common sense requirements of fair pleading (see People v Campbell, 6 Misc 3d 130[A], 2005 NY Slip Op 50064[U] [App Term, 2d Dept, 2d & 11th Jud Dists 2005]). Consequently, the information in this case was not jurisdiction-ally defective for failing to allege that defendant did not fit into any of the enumerated alternatives.
Additionally, the “fair implication” (Casey, 95 NY2d at 360) of the averments contained in the accusatory instrument was that OCA’s official records had been checked by the court analyst and that it had been determined that defendant was not admitted and licensed to practice law or to appear as an attorney in New York. Furthermore, any challenge to those allegations, including whether the official records were sufficiently checked or what the scope of the search was, was a matter to be raised as an evidentiary defense to the charge, not by a challenge to the facial sufficiency of the instrument (see Casey, 95 NY2d at 360). Thus, as to all issues preserved for appellate review, the information was facially sufficient since it complied with the requirements set forth for an information (see CPL 100.15 [3]; 100.40 [1] [c]; People v Del Carpio, 150 Misc 2d 445 [App Term, 2d Dept, 2d & 11th Jud Dists 1991]).
Accordingly, the judgment of conviction is affirmed.
Pesce, P.J., Aliotta and Solomon, JJ., concur.