The People of the State of New York, Respondent,
against
Donald A. Rozz, Appellant. 




Louis Rosado & Associates (Louis Rosado of counsel), for appellant.
Jaspan Schlesinger LLP (Lisa A. Cairo of counsel), for respondent.

Appeal from a judgment of the District Court of Nassau County, Second District (Paul L. Meli, J.), rendered July 12, 2018. The judgment convicted defendant, after a nonjury trial, of one count of nonconforming use of a property and two counts of unlawfully maintaining construction without first obtaining a building permit, and imposed sentence. The appeal from the judgment of conviction brings up for review an order of that court (Joseph B. Girardi, J.) dated December 1, 2017 denying the branch of defendant's motion seeking to dismiss the information as facially insufficient.




ORDERED that the judgment of conviction is reversed, on the law, so much of the order dated December 1, 2017 as denied the branch of defendant's motion seeking to dismiss the accusatory instrument on the ground of facial insufficiency is vacated, that branch of defendant's motion is granted, and the fines, if paid, are remitted.
Defendant was charged in a six-count information with violating multiple sections of the Town of Hempstead Code (Code) and the Town of Hempstead Building Zone Ordinance (Ordinance). Insofar as relevant to this appeal, according to allegations made by a town code enforcement officer, the premises in question, a house, was being used as a multifamily domicile despite not being zoned for this nonconforming use, in violation of Ordinance, art. IX, § 83. The officer further alleged that interior partitions and doors had been installed inside, and aluminum awnings had been installed outside, of the house without prior obtainment of building permits, constituting two violations of Code § 86-9 [A] [1].
After the District Court (Joseph B. Girardi, J.), in an order dated December 1, 2017, denied the branch of defendant's motion seeking to dismiss the information as facially insufficient, a combined Mapp hearing/nonjury trial was held. The District Court (Paul L. Meli, [*2]J.) denied defendant's suppression motion and convicted defendant of all three violations. On July 12, 2018, the court sentenced defendant to pay a fine of $1,000 on each conviction, for a total of $3,000.
As defendant did not waive prosecution by information, the facial sufficiency of the accusatory instrument must be reviewed in accordance with the requirements of an information (see CPL 100.10 [1]; 170.65 [1], [3]; People v Kalin, 12 NY3d 225, 228 [2009]). To be facially sufficient, an information, and any supporting depositions accompanying it, must contain nonhearsay allegations of fact of an evidentiary character that establish, if true, every element of the offense charged and must provide reasonable cause to believe that the defendant committed the offense charged (see CPL 100.15 [3]; 100.40 [1] [c]; People v Konieczny, 2 NY3d 569, 575 [2004]; People v Adekoya, 50 Misc 3d 99, 101 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]).
While each count of the information contains detailed allegations of violations at the house, nothing within the "four corners" of the document (People v Jianjun Li, 64 Misc 3d 33, 36 [App Term, 2d Dept, 9th & 10th Jud Dists 2019]) connects defendant to the property. Defendant is not alleged to own, manage or have any other control or decision-making authority over the house. There is no reasonable cause to believe that defendant committed these violations, and, as such, each count of the information is facially insufficient.
As this determination of facial insufficiency is dispositive, the remainder of defendant's appellate arguments are rendered academic, and we do not pass upon them.
Accordingly, the judgment of conviction defendant is reversed, so much of the order dated December 1, 2017 as denied the branch of defendant's motion seeking to dismiss the accusatory instrument on the ground of facial insufficiency is vacated, and that branch of defendant's motion is granted.
ADAMS, P.J., TOLBERT and GARGUILO, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: December 19, 2019