People v Wilson (2020 NY Slip Op 51273(U))

[*1]

People v Wilson (Augustus)

2020 NY Slip Op 51273(U) [69 Misc 3d 134(A)]

Decided on November 2, 2020

Appellate Term, First Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on November 2, 2020
SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: Edmead, P.J., Higgitt, McShan, JJ.

570780/17

People of the State of New York,
Respondent,
against
Augustus Wilson, Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York, Bronx
County (Beth Beller, J.), rendered December 1, 2017, after a nonjury trial, convicting him of
attempted criminal obstruction of breathing or blood circulation, and imposing sentence.

Per Curiam.
Judgment of conviction (Beth Beller, J.), rendered December 1, 2017, affirmed.
The verdict convicting defendant of attempted criminal obstruction of breathing or blood
circulation (see Penal Law §§ 110.00, 121.11[a]) was not against the weight of
the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). The credibility
issues raised by defendant, including the inconsistencies in the victim's testimony, were properly
placed before the trier of fact and we find no reason to disturb the court's determination to credit
the victim's testimony rather than defendant's testimony.
The court properly denied, both on the ground of untimeliness and on the merits, defendant's
request for a missing witness charge relating to the victim's niece, Naomi Pardo. The request was
untimely because it could have been made at the outset of trial given the information in
defendant's possession, including the victim's Family Court petition indicating that Ms. Pardo
was present during the underlying incident, and the People's witness list (see People v
Carr, 14 NY3d 808, 809 [2010]; People v Arnold, 48 AD3d 239, 240 [2008], lv denied 10
NY3d 859 [2008]). In addition, the record supports the court's finding that Pardo's testimony
would not have been material, since she did not see the interaction between defendant and the
victim. The victim testified that although she was on a Face Time call with Pardo, the latter did
not see the altercation because the victim's phone was down.
Defendant's ineffective assistance of counsel claim is unreviewable on direct appeal because
it involves matters not reflected in or fully explained by the record (see People v Baron, 133 AD3d
516, 518 [2015], lv denied 26 NY3d 1142 [2016]; People v Polanco, 121 AD3d 436,
[*2]437 [2014], lv denied 24 NY3d 1221 [2015]).
Although defendant made a CPL 440.10 motion that was denied, he failed to obtain permission
from this Court to appeal, and therefore, "the merits of the ineffectiveness claim are not properly
before us" (People v Baron, 133 AD3d at 518; see also People v Polanco, 121
AD3d at 437). Alternatively, to the extent that the existing record permits review, defendant
received effective assistance of counsel.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: November 2, 2020