People v Vanderpool (2020 NY Slip Op 20316)

People v Vanderpool

2020 NY Slip Op 20316 [70 Misc 3d 43]

Accepted for Miscellaneous Reports Publication

Supreme Court, Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

As corrected through Wednesday, February 17, 2021

[*1]

The People of the State of New York, Respondent,
v
Rafael Vanderpool, Appellant.

Supreme Court, Appellate Term, First Department, November 30, 2020

APPEARANCES OF COUNSEL

Center for Appellate Litigation, New York City (Alma D. Gonzalez of counsel), for appellant.
Darcel D. Clark, District Attorney, New York City (Beth R. Kublin of counsel), for respondent.

{**70 Misc 3d at 44} OPINION OF THE COURT

Per Curiam.

Judgment of conviction (Mary L. Bejarano, J.), rendered December 18, 2018, affirmed.
[1] The information charging resale of tickets within a buffer zone (see Arts and Cultural Affairs Law § 25.11 [1]) was jurisdictionally valid because it contained " 'nonconclusory factual allegations that, if assumed to be true, address[ed] each element of the crime charged, thereby affording reasonable cause to believe that defendant committed that offense' " (People v Matthew P., 26 NY3d 332, 335-336 [2015], quoting People v Jackson, 18 NY3d 738, 741 [2012]; see People v Kalin, 12 NY3d 225, 228-229 [2009]). Moreover, the allegations satisfied the prima facie case requirement (see CPL 100.40 [1] [c]). The instrument recited that police observed defendant engage in a brief conversation with an individual in front of Yankee Stadium, and that said individual exchanged a sum of money with the defendant for two tickets to the Yankees game that evening. The instrument further alleged that said transaction occurred within 1,500 feet of the physical structure of Yankee Stadium, which has a permanent seating capacity in excess of 5,000 persons, and that defendant did not have approval from Yankee Stadium management to sell said tickets (see generally People v Lewis, 50 AD3d 595 [2008], lv denied 11 NY3d 790 [2008]). These allegations were nonconclusory and facially sufficient to support the charged offense.
[2] We reject defendant's contention that the lawful resale provision of Arts and Cultural Affairs Law § 25.11 (3) constitutes {**70 Misc 3d at 45}an exception—as opposed to a proviso—that the People were required (but failed) to plead and prove (see generally People v Devinny, 227 NY 397, 401 [1919]). That provision states, in pertinent part, that "[n]otwithstanding subdivisions one and two of this section [which prohibit reselling, offering to resell or soliciting the resale of tickets within certain distances of places of entertainment], an operator may designate an area within the property line of such place of entertainment for the lawful resale of tickets" (Arts and Cultural Affairs Law § 25.11 [3]).
[*2]
The lawful resale provision (1) is contained in the statute creating criminal liability (i.e. Arts and Cultural Affairs Law § 25.11), (2) was part of the original statute (see L 1991, ch 704), (3) does not depend on information uniquely within a defendant ticket seller's knowledge, and (4) does not require the People to shoulder an unreasonably onerous burden to negate the existence of a lawful resale, all factors that suggest the provision could be an exception (see People v Davis, 13 NY3d 17, 31-32 [2009]; People v Tatis, 170 AD3d 45, 46-49 [2019], lv denied 33 NY3d 981 [2019]; People v Adekoya, 50 Misc 3d 99, 102 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]).
However, the lawful resale provision does not absolutely and expressly insulate a defendant ticket seller from criminal liability; rather, the provision operates conditionally—"an operator may designate an area within the property line of [a] place of entertainment for the lawful resale of tickets" (Arts and Cultural Affairs Law § 25.11 [3] [emphasis added]). The absence of absolute and express language excluding criminal liability strongly suggests that the lawful resale provision is a proviso as opposed to an exception (see People v Bull, 5 Misc 3d 39, 41 [App Term, 1st Dept 2004]; McKinney's Cons Laws of NY, Book 1, Statutes §§ 211, 213; cf. People v Sanson, 59 Misc 3d 4 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2018], lv denied 31 NY3d 1086 [2018]). Moreover, requiring the People to plead and prove that a defendant ticket seller did not engage in a lawful resale would not narrow the issues in the prosecution or give notice to the defendant ticket seller, but would give rise to technicalities that could stymie an otherwise viable prosecution (see People v Davis, 13 NY3d at 32). As a matter of common sense and reasonable pleading, the legislature did not intend that the People plead and prove that a defendant ticket seller did not act in a manner prescribed by the operator of a place of entertainment (see People v Macs, 35 Misc 3d 143[A], 
{**70 Misc 3d at 46}2012 NY Slip Op 50939[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2012]). Additionally, the legislature's principal aims in passing article 25 of the Arts and Cultural Affairs Law—to improve people's access to reasonably priced tickets, deter speculation on tickets, and prevent harassment of people attending events at large venues (see Assembly Mem in Support of Legislation [June 27, 1991])—would not be furthered by placing on the People the burden to plead and prove that the defendant seller did not engage in a lawful resale.
Ultimately, we conclude that the legislature could not reasonably have intended the People to plead and prove that a defendant ticket seller did not engage in a lawful resale in a prosecution under Arts and Cultural Affairs Law § 25.11 (see generally People v Davis, 13 NY3d at 31). Thus, the lawful resale provision is a proviso that must be pleaded and proved by a defendant ticket seller, and defendant's "exception" argument fails.
The verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]), which included the credited testimony of the arresting officer, the video surveillance footage, and the tickets at issue. There is no basis upon which to disturb the trial court's determinations concerning credibility.
The court properly denied, as untimely, defendant's request for a missing witness charge relating to the buyer of the tickets, because it could have been made at the outset of the trial given the information in defendant's possession, including the People's witness list (see People v Carr, 14 NY3d 808, 809 [2010]; People v Arnold, 48 AD3d 239, 240 [2008], lv denied 10 NY3d 859 [2008]).
[*3]
Cooper, J.P., Higgitt and McShan, JJ., concur.