People v Raul A. (2023 NY Slip Op 01970)

People v Raul A.

2023 NY Slip Op 01970

Decided on April 18, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 18, 2023

Before: Manzanet-Daniels, J.P., Kapnick, Webber, Friedman, Rodriguez, JJ. 

Ind. No. 70103/20 Appeal No. 17606 Case No. 2021-00828 

[*1]The People of the State of New York, Respondent,
v
Raul A., Defendant-Appellant.

Caprice R. Jenerson, Office of the Appellate Defender, New York (Samuel Steinbock-Pratt of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Kerry Fulham of counsel), for respondent.

Judgment, Supreme Court, New York County (Stephen M. Antignani, J.), rendered March 1, 2021, as amended March 3, 2021, convicting defendant, upon his plea of guilty, of attempted murder in the second degree and criminal possession of a weapon in the second degree, and sentencing him to concurrent terms of one to three years, unanimously modified, on the law, to the extent of vacating the conviction for criminal possession of a weapon in the second degree and dismissing the fifth count of the indictment, vacating the sentence imposed on the attempted murder conviction and remanding the matter for resentencing, including a youthful offender determination, and otherwise affirmed.
On December 29, 2019, defendant, then 15 years old, and Shakur Parker were driving a minivan, which they parked near the corner of East 121st Street and Second Avenue in New York County. Defendant and Parker exited the van and interacted with two other individuals. The two individuals then chased Parker around the corner onto 121st Street, where defendant stood waiting. As the two individuals turned the corner, defendant fired two shots from a nine-millimeter semiautomatic pistol toward the individuals, began to retreat back to the van, and then turned around and fired two more shots behind him. The two individuals fired seven shots back with their own weapons. No one was hit during the shooting, which took place within 1,000 feet of school grounds. Police recovered eleven cartridge cases and three weapons from the scene. A video, depicting the majority of these events, was also recovered.
On January 27, 2020, the People filed an indictment charging defendant with one count of attempted murder in the second degree (Penal Law § 110/125.25 [1]); one count of attempted assault in the first degree (Penal Law § 110/120.10 [1]); and two counts of criminal possession of a weapon in the second degree (Penal Law § 265.03 [1] [b], [3]).
Approximately two days later, police executed a search warrant at defendant's home and recovered a loaded nine millimeter handgun. The firearm recovered from defendant's home matched cartridge cases recovered from the scene of the shooting. The People then filed a superseding indictment, retaining the four counts charged in their original indictment and adding three additional counts, namely: criminal possession of a weapon in the second degree (Penal Law § 265.03 [1] [b]), criminal possession of a firearm (Penal Law § 265.01-b [1]); and unlawful possession of ammunition (Administrative Code of City of NY § 10-131 [i] [3]). As relevant here, the possession counts three and four relate to the shooting that occurred on December 29, 2019. The possession count five relates to the weapon that was recovered on January 29, 2020 in defendant's home.
Defendant argues that his plea of guilty to criminal possession of a weapon in the second degree under the fifth count of the indictment must be vacated because that count of the indictment did not allege that [*2]the possession occurred on school grounds.
As a preliminary matter, we agree with defendant that although the "school grounds" requirement is found outside the crime-defining statute, it appears that the intent of the Legislature was that it be included as an element of the applicable crimes. Given this, "the distinction between a proviso and an exception will be wholly disregarded (People v Tatis, 170 AD3d 45, 47 [1st Dept 2019], lv denied 33 NY3d 981 [2019]).
As argued by the People, the placement of the required act of possession on "school grounds" in the "defense of infancy" section, rather than in the section that defines the crime, raises a question of proof that would have to be raised at trial, requiring the People to disprove such defense beyond a reasonable doubt (Penal Law § 25.00).
"Here, however, it appears that the Legislature intended to make the situs of the possession of the weapon 'on school grounds' an element of the applicable crime, to be alleged and proven by the People regardless of whether the defense of infancy is raised. In accord with that intent, a separate statute requires that the Grand Jury find that the possession was on 'school grounds,' in addition to the other elements of the crime defined in the substantive statute before it may indict the juvenile [CPL 190.71]. Those elements should then be alleged in the indictment [CPL 200.50(7)], and the People should accordingly be required to prove possession 'on school grounds' beyond a reasonable doubt regardless of whether a defense of infancy is raised" (William C. Donnino, Prac Commentaries, McKinney's Cons Laws of NY, Book 39, Penal Law § 30.00).
The People concede that the "on school grounds" language, which was included in counts three and four, was not included in count five of the indictment to which defendant entered a plea of guilty. They acknowledge that the weapon was recovered from defendant's home and not on school grounds. They also acknowledge that given this, defendant, as a juvenile, could not be held criminally responsible for the crime. They argue, however, that pursuant to CPL 200.20(6), the plea should not be vacated.
The People are correct that where a juvenile is charged with a crime for which he may not be criminally responsible, as well as others for which he may be criminally responsible, Supreme Court may assume jurisdiction over the case (see Green v Montgomery, 95 NY2d 693, 698 [2001]; CPL 200.20[6]). However, if convicted of a crime for which he cannot be criminally responsible, Supreme Court then "must order that the verdict be deemed vacated and replaced by a juvenile delinquency fact determination," and remove the matter to Family Court (Green 95 NY2d at 699, quoting CPL 310.85[3]).
Here, it is clear that defendant was convicted, by a plea of guilty to a crime to which he cannot be criminally responsible. This was not a case where a jury returned a verdict of guilty to the charge of criminal possession of a weapon in the second [*3]degree, thus requiring Supreme Court to transfer the case to Family Court for disposition (see Green 95 NY2d at 699; Matter of Equcon M., 291 AD2d 332 [1st Dept 2002]). Rather, the People specifically requested that in addition to the charge of attempted murder in the second degree, defendant enter a plea of guilty to the fifth count charging criminal possession of a weapon in the second degree, a crime for which the People now concede that defendant cannot be held criminally responsible. Given this, defendant's conviction for criminal possession of a weapon in the second degree must be vacated and that charge dismissed.
With regard to the remaining conviction of attempted murder, the People concede, defendant is entitled to a youthful offender determination pursuant to People v Rudolph (21 NY3d 497 [2013]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 18, 2023