People v Evans (2025 NY Slip Op 05094)

People v Evans

2025 NY Slip Op 05094

Decided on September 24, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 24, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
LINDA CHRISTOPHER
LOURDES M. VENTURA
PHILLIP HOM, JJ.

2023-05301
 (Ind. No. 70809/22)

[*1]The People of the State of New York, respondent,
v
Laquinn Evans, appellant.

Patricia Pazner, New York, NY (Anna Kou of counsel), for appellant.
Michael E. McMahon, District Attorney, Staten Island, NY (Thomas B. Litsky and Timothy Pezzoli of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Richmond County (Alison M. Hamanjian, J.), rendered April 27, 2023, convicting him of criminal possession of a weapon in the second degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is reversed, on the law, the defendant's plea of guilty is vacated, count 3 of the indictment is dismissed, and the matter is remitted to the Supreme Court, Richmond County, for further proceedings on the remaining counts of the indictment.
The defendant was indicted, inter alia, on one count of attempted murder in the second degree (Penal Law §§ 110.00, 125.25[1]), two counts of criminal possession of a weapon in the second degree (id. § 265.03[3], [1][b]), and two counts of criminal possession of a weapon on school grounds (id. § 265.01-a), as a result of a shooting. He was convicted, as a juvenile offender, of criminal possession of a weapon in the second degree, upon his plea of guilty to count 3 of the indictment (id. § 265.03[3]). The defendant appeals, contending that count 3 of the indictment was jurisdictionally defective.
"A jurisdictional defect in an indictment may not be waived by a guilty plea and can be raised for the first time on appeal" (People v Guerrero, 28 NY3d 110, 116; see People v Iannone, 45 NY2d 589, 600). "'An indictment is rendered jurisdictionally defective only if it does not charge the defendant with the commission of a particular crime, by, for example, failing to allege every material element of the crime charged, or alleging acts that do not equal a crime at all'" (People v Guerrero, 28 NY3d at 116, quoting People v Hansen, 95 NY2d 227, 231; see People v Iannone, 45 NY2d at 600). Ordinarily, "an indictment's 'incorporation by specific reference to the statute operates without more to constitute allegations of all the elements of the crime'" (People v Saenger, 39 NY3d 433, 438, quoting People v D'Angelo, 98 NY2d 733, 735).
Penal Law § 30.00(2) provides, in relevant part, that a 15 year old may be held criminally responsible for conduct constituting criminal possession of a weapon in the second degree under Penal Law § 265.03, "where such machine gun or such firearm is possessed on school grounds" (see People v Raul A., 215 AD3d 500, 501-502). Concomitantly, CPL 190.71(a)(ii) prohibits a grand jury from indicting a 15 year old for criminal possession of a weapon in the second [*2]degree under Penal Law § 265.03, unless the "firearm is possessed on school grounds, as that phrase is defined in subdivision fourteen of section 220.00 of the penal law" (see People v Raul A., 215 AD3d at 502).
In this case, count 3 of the indictment, charging a violation of Penal Law § 265.03(3), failed to allege that the defendant possessed the subject weapon "on school grounds" (see People v Raul A., 215 AD3d at 501-502). The reference to Penal Law § 265.03(3) did not cure the defect, because it does not include the "on school grounds" element, which is found in Penal Law § 30.00(2) and CPL 190.71(a)(ii). Additionally, the prosecutor's statement at the plea proceeding that the possession occurred within 1,000 feet of school grounds, and the defendant's admission to the same, did not cure the defect (see People v Raul A., 215 AD3d at 502). Thus, as the People correctly concede, count 3 of the indictment is jurisdictionally defective and must be dismissed (see generally People v Tromp, 164 AD3d 1479, 1480).
IANNACCI, J.P., CHRISTOPHER, VENTURA and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court